Van Irion
Liberty Legal Foundation
9040 Executive Park Dr., Ste. 200
Knoxville, TN 37923
(423) 208-9953
van@libertylegalfoundation.com
Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

LIBERTY LEGAL FOUNDATION;
JOHN DUMMETT;
LEONARD VOLODARSKY;
CREG MARONEY,

    Plaintiffs

    v.

NATIONAL DEMOCRATIC PARTY
of the USA, Inc.;
DEBBIE WASSERMAN SCHULTZ,

    Defendants

CASE NO:

Judge:

## FIRST AMENDED CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs Liberty Legal Foundation, John Dummett, Leonard Volodarsky, and Creg Marone on behalf of themselves and all others similarly situated, by and through their undersigned counsel Van Irion, bring this Complaint for declaratory and injunctive relief against the National Democratic Party of the USA Incorporated (hereinafter "Democratic Party" or "the Party"), its subdivisions its officers, its employees, and its agents, and in support thereof allege the following upon information and belief.

**NATURE OF THE ACTION**

1. Election codes and procedures of various states currently leave State election officials dependent upon accurate and truthful representations from political parties regarding the qualifications of candidates to hold Federal office. Specifically, the 50 Secretaries of State depend upon truthful representations by the Democratic Party that the individual selected by the Party as its candidate for the office of President of the United States is constitutionally qualified to hold said office. When the Secretaries of State receive a document from the Democratic Party identifying the Party's candidate for President, the Secretaries of State are compelled to have that candidate's name placed on ballots in all counties of their state. It is well established that the function of the Secretaries of State in this capacity is ministerial; meaning that the Secretaries have no authority to refuse once the Democratic Party has delivered the required documents. Because the Secretaries of State have no authority to scrutinize the candidate's qualifications to hold office, this procedure leaves the Secretaries of State, any opposing candidates, and all citizens of the states completely dependent upon a truthful and accurate representation from the Democratic Party that their candidate is qualified to hold the office of President of the United States. This is why all documentation sent to the Secretaries of State prior to 2008 identifying the Democratic Party's candidate for President always included an explicit representation that said candidate was qualified to hold the office of President of the United States.[1]

---

[1] In 2008 the Democratic Party's document did not include such an explicit representation; however, the Party's organizational rules prohibit it from nominating a candidate that is not qualified for the office of nomination. Therefore, the representation was implicit.

2. This Complaint does not request or require this Court to find that President Obama is not qualified to hold the office of President of the United States. Instead, this complaint is directed toward defining the term "natural-born citizen" under the Constitution of the United States, and toward negligence or intentional misrepresentations of the Democratic Party. This Complaint requests this Court to affirm the Supreme Court's definition of "natural-born citizen" as "all children born in a country of parents who were its citizens." See *Minor v. Happersett*, 88 U.S. 162 (1875).

3. This Complaint does not request any injunction against any State or Federal government official. Instead, this complaint asserts that the private entity, Defendant Democratic Party, intends to act negligently or fraudulently in a manner that will cause irreparable harm to the Plaintiffs, to the States, and to the citizens of the United States.

4. Because Mr. Obama has admitted that his father was not a U.S. Citizen, and because this fact has been confirmed by the U.S. State Department, any reasonable person with knowledge of these facts would doubt Mr. Obama's Constitutional qualifications. Therefore, any representation by the Democratic Party certifying said qualifications would be negligent, absent further evidence verifying Mr. Obama's natural-born status.[2]

5. Therefore, the Plaintiffs request a declaration from this Court that a "natural-born citizen" is "all children born in a country of parents who were its citizens." The

---

[2] Hereinafter this Complaint will refer to President Obama, also known as Barack Hussein Obama Jr., Barack Obama II, and Barry Soetoro, as "Mr. Obama." This reference is not intended to be disrespectful to the office of the President or to the individual Barack Obama. It is used only to identify the individual, separate from the office, and to simplify communication for purposes of this Complaint.

Plaintiffs further request an injunction prohibiting the Democratic Party from making any representation by to any State official asserting, implying, or assuming that Mr. Obama is qualified to hold the office of President, absent a showing by the Party sufficient to prove that said representation is not negligent.

## **ELECTION BY POPULAR VOTE DOES NOT NEGATE CONSTITUTIONALLY MANDATED QUALIFICATIONS**

6. Many Americans, including some judges, have incorrectly concluded that the voters are the final arbiters of whether an individual is qualified to hold office. This is simply not correct. America is a Constitutional Republic, not a democracy without a constitution. The Constitution is an anti-majoritarian document; meaning that it protects individuals from invasions and usurpations of the majority. Such rights are protected regardless of the majority's desire to violate them. Without such protections any law enacted by Congress would be valid, even if it denied an individual their right to life, liberty, or property. Without the anti-majoritarian protection of the Constitution, Congress could legalize the killing of all Jews, for example, as was done in pre-World War II Germany. Constitutional requirements are absolute, and must be followed regardless of how popular or unpopular such requirements may be, because they are in place to protect the minority from the majority.

7. Therefore, any judge-derived doctrine that limits this Court's authority to enjoin the Defendants based upon so-called democratic considerations, such as the "political question" doctrine, ignores the anti-majoritarian nature of the Constitution and negates the purpose of the Constitution. Such doctrines are logically unsupportable

and are unconstitutional on their face. Such doctrines violate the supreme law of the land.

## FACTS SUPPORTING MISREPRESENTATION

### A. Defendants' Intention to Represent Facts

8. The Democratic Party intends to nominate Mr. Obama as their nominee for the office of President of the United States for the 2012 general election.

9. The Democratic Party intends to send documents to the Secretaries of State of all states announcing that Mr. Obama is its Presidential nominee for the 2012 general election and representing that he is qualified to hold the office of President.

### B. Falseness of Facts

### Not "Natural-Born" Regardless of Place of Birth Due to Father's British Citizenship

10. Mr. Obama's father was not an American citizen at the time of Mr. Obama's birth. Mr. Obama has admitted this fact. The United States State Department has also stated this conclusion as fact.

11. The Constitution of the United States mandates "No person except a natural born citizen, or a citizen of the United States at the time of the adoption of this Constitution, shall be eligible to the office of President." Art. II sec. 1.

12. The United States Supreme Court has defined "natural-born citizens" as "all children born in a country of parents who were its citizens." See *Minor v. Happersett*, 88 U.S. 162 (1875). The same opinion distinguished all other citizens from natural born citizens.

13. Because Mr. Obama's father was not a citizen of the United States at the time of Mr. Obama's birth, Mr. Obama is not a "natural-born citizen" as is required by the

Constitution and defined by the Supreme Court. Therefore, he is not qualified to be placed on any ballot for the office of President in the 2012 general election.

## JURISDICTION & VENUE

14. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. The Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and pursuant to the Federal Rules of Civil Procedure 57 and 65, and the general legal and equitable powers of this Court.

15. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391.

## REPRESENTATIVE PLAINTIFFS

A. **Liberty Legal Foundation**

16. Plaintiff Liberty Legal Foundation (hereinafter "LLF") falls under the definition of a 501(c) 3 charitable organization. Its primary goal is the defense of basic human rights. Its stated mission is to "Strategically challenge flawed court precedent to restore the Constitution and individual liberties."

17. At least one member of Liberty Legal Foundation is currently a candidate for the office of President of the United States, and is registered with the Federal Election Commission as a candidate for said office.

18. Plaintiff LLF incorporates by reference all of the other allegations of this complaint as if fully set forth herein.

B. **John Dummett, Presidential Candidate, Member of Liberty Legal Foundation**

19. Plaintiff John Dummett is an individual currently residing in California and is a member of LLF.

20. Plaintiff John Dummett hereby incorporates by reference all of the allegations set forth in this complaint as to the defendants' actions and failures to act and he objects to them as a member of LLF.

21. Plaintiff John Dummett is a natural-born citizen and a candidate for the office of President of the United States in the 2012 election for said office, and is registered with the Federal Election Commission for said office in said election.

22. Presidential candidate John Dummett is registered with several states as a write-in candidate for the office of President of the United States in the 2012 election.

23. Presidential candidate John Dummett's name will appear on the ballot in several states as a write-in candidate for the office of President of the United States in the 2012 election.

24. John Dummett will serve as an adequate representative of the Class because his interests do not conflict with the interests of the members of the Class of FEC-registered Presidential candidates and the interests of the members of the Class will be fairly and adequately protected by John Dummett.

25. Absent this Court's grant of the requested relief, Plaintiff John Dummett will be concretely and continuously harmed as direct and proximate result of the defendant's actions and failures to act, because the appearance of Barrack Obama's name appearing on Ballots for the 2012 general election would result in votes for Mr. Obama that would otherwise be cast for Mr. Dummett.

## C. Leonard Volodarsky, Presidential Candidate, Member of Liberty Legal Foundation

26. Plaintiff Leonard Volodarsky is an individual currently residing in New York and is a member of LLF.

27. Plaintiff Leonard Volodarsky hereby incorporates by reference all of the allegations set forth in this complaint as to the defendants' actions and failures to act and he objects to them as a member of LLF.

28. Plaintiff Leonard Volodarsky is a candidate for the office of President of the United States in the 2012 election for said office, and is registered with the Federal Election Commission for said office in said election.

29. Leonard Volodarsky will serve as an adequate representative of the Class because his interests do not conflict with the interests of the members of the Class and the interests of the members of the Class will be fairly and adequately protected by Leonard Volodarsky.

30. Absent this Court's grant of the requested relief, Plaintiff Leonard Volodarsky will be concretely and continuously harmed as direct and proximate result of the defendant's actions and failures to act, because the appearance of Barrack Obama's name appearing on Ballots for the 2012 general election would result in votes for Mr. Obama that would otherwise be cast for Mr. Volodarsky.

**D. Creg Maroney, American Citizen, Member of Liberty Legal Foundation**

31. Plaintiff Creg Maroney is a member of LLF.

32. Plaintiff Creg Maroney hereby incorporates by reference all of the allegations set forth in this complaint as to the defendants' actions and failures to act and he objects to them as a member of LLF.

33. Creg Maroney is a United States Citizen currently residing in Pleasant Valley, New York.

34. Creg Maroney will serve as an adequate representative of the Class because his interests do not conflict with the interests of the members of the Class and the interests of the members of the Class will be fairly and adequately protected by Creg Maroney.

35. Absent this Court's grant of the requested relief, Plaintiff Creg Maroney will be concretely and continuously harmed as direct and proximate result of the defendant's actions and failures to act, because all branches of government at the state and federal level will have failed to uphold the mandates of the U.S. Constitution.

## **DEFENDANTS**

36. Defendant Democratic Party is a national political party formed under the laws of the United States. The Democratic Party maintains an office with a registered agent located at 2910 North Central Avenue, Phoenix, AZ 85012. The Democratic Party is a private organization. The Democratic Party is not a government entity, nor is it a part of any branch of government. The Democratic Party not subject to Federal or State information-disclosure laws. The Democratic Party is not a government-actor in relation to any part of the Federal Constitution.

37. Defendant Debbie Wasserman Schultz is an individual currently serving as the Chairman of the Democratic Party's Democratic National Committee (hereinafter "DNC"). The DNC is a subdivision of the Democrat Party and is primarily responsible for organizing the Democratic Party's national presidential nominating convention. Defendant Schultz is named as an individual defendant in this complaint only for her private actions taken as a private individual serving as chairman of a private, non-governmental organization, the DNC. No factual allegation nor legal

theory within this complaint touches upon any act performed by Defendant Schultz in relation to her duties as a U.S. Congressman. Ms. Schultz is **not** being sued in her personal **or** her official capacity as a Member of Congress.

## STANDING

38. Plaintiff Dummett is presently and concretely harmed by the actions alleged herein because the appearance of Barrack Obama's name on Ballots for the 2012 general election would result in votes for Mr. Obama that would otherwise be cast for Mr. Dummett. Therefore, said actions would harm Plaintiff Dummett's ability to win election to the office of President of the United States.

39. Plaintiff Volodarski is presently and concretely harmed by the actions alleged herein because the appearance Barrack Obama's name on Ballots for the 2012 general election would result in votes for Mr. Obama that would otherwise be cast for Mr. Volodarski. Therefore, said actions would harm Plaintiff Volodarski's ability to win election to the office of President of the United States.

40. Plaintiff LLF has standing as an association representing its members. An association has standing to bring suit on behalf of its members when: a) any one of its members would otherwise have standing to sue in their own right; b) the interests it seeks to protect are germane to its organization's purpose; and c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. See *Hunt v. Washington State Apple Advertising Cmm'n*, 432 U.S. 333, 342 (1977). Because this lawsuit seeks to enforce the clear language of Article 2 section 1 of the United States Constitution, this lawsuit is in accord with LLF's mission, described above, to resurrect and defend the Constitution of the United States.

Plaintiffs Dummett and Volodarski are members of LLF and have standing as set forth above, therefore LLF has standing because at least one member is directly affected by the defendants actions. Participation of all LLF members is not required because LLF represents its members' common interests in opposing violations of the U.S. Constitution.

## CLASS ACTION ALLEGATIONS

41. Plaintiffs bring this action on behalf of themselves and at least two classes of persons initially defined as follows:

    1. All FEC-registered candidates for the office of President of the United States of America (the "Class").

    2. All persons in the United States of America who object to having a candidate that is clearly not qualified to hold the office of President appear on ballots for the office of President in the general election (the "Class").

42. This action has been brought and may properly be maintained on behalf of the Class proposed above under the criteria of Federal Rule of Civil Procedure Rule 23.

43. Numerosity. Members of the Class are so numerous that their individual joinder herein is impracticable. Hundreds of millions of U.S. citizens would be negatively affected by should they be represented by an individual holding the office of President who has divided loyalties to other countries, as was set forth by the Founding Fathers.

44. Existence and predominance of common questions. Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual Class members. These common questions include the following: Will

the Democratic Party be acting negligently or fraudulently when it represents to the Secretaries of State for the 50 States that President Obama is qualified to hold the office of President?

45. Typicality. Plaintiffs' claims are typical of the claims of the Class, because, among other things, all Plaintiffs object to having an individual hold the office of President that is not qualified to do so.

46. Adequacy. Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the members of the Class they seek to represent. Plaintiffs have retained counsel competent in complex class action litigation, and Plaintiffs intend to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

47. Superiority. The class action is superior to other available means for the fair and efficient adjudication of this dispute. The injury suffered by each Class member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against the Defendants economically feasible. Even if Class members themselves could afford such individualized litigation, the court system could not. In addition to the burden and expense of managing myriad actions arising from the claims described herein, individualized litigation presents a potential for inconsistent or contradictory judgments, individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

48. In the alternative, the Class may be certified because:

    a. the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual Class members which would establish incompatible standards of conduct for Defendants;

    b. the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

    c. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

### FIRST CAUSE OF ACTION
**(Negligent Misrepresentation)**

49. Plaintiffs reallege paragraphs 1-48 of this Complaint as if set forth verbatim herein.

50. The Democratic Party will nominate Mr. Obama as its nominee for the office of President of the United States for the 2012 general election.

51. The Democratic Party will send documents to the Secretaries of State for all 50 states announcing that Mr. Obama is its Presidential nominee for the 2012 general election and falsely representing that he is qualified to hold the office of President.

52. Said documents will be signed by Defendant Schultz.

53. By asserting that Mr. Obama is qualified to hold the office of President Defendant Democratic Party, Defendant Schultz, and any other agent of said Defendants contributing to said assertion, will fail to exercise reasonable care, diligence, or expertise.

54. Upon receipt of said document, and in reliance upon the false representations made by the Democratic Party and its agents in said document, the Secretaries of State for the 50 states will be required to have Mr. Obama's name placed on ballots in all counties for the office of President of the United States.

55. The Secretaries of States' reliance upon the false assertions of Defendant Democratic Party and its agents would be justified.

56. Absent the requested injunctive relief, Plaintiffs Dummett and Volodarski will be irreparably harmed because the appearance Mr. Obama's name on Ballots for the 2012 general election would result in votes for Mr. Obama that would otherwise be cast for Mr. Dummett or Mr. Volodarski.

57. Absent the requested injunctive relief, LLF will be irreparably harmed because Plaintiffs Dummett and Volodarski are members of LLF, and also because all LLF members would be harmed because all branches of government at the state and federal level will have failed to uphold the mandates of the U.S. Constitution.

58. Therefore the Plaintiffs are entitled to injunctive relief and declaratory relief to prevent irreparable harm and future violations of their rights and the rights of others.

### SECOND CAUSE OF ACTION
**(Fraud/Intentional Misrepresentation)**

59. Plaintiffs reallege paragraphs 1-58 of this Complaint as if set forth verbatim herein.

60. Through the instant lawsuit and service of the instant complaint upon the named Defendants, all said Defendants have knowledge of the facts and evidence set forth herein. Therefore, the actions planned by said Defendants, also as set forth herein, would constitute intentional misrepresentation.

61. Therefore the Plaintiffs are entitled to injunctive relief and declaratory relief to prevent irreparable harm and future violations of their rights and the rights of others.

### THIRD CAUSE OF ACTION
**(Declaratory Relief)**

62. Plaintiffs reallege paragraphs 1-61 of this Complaint as if set forth verbatim herein.

63. An actual dispute and controversy exists between the plaintiffs and defendants regarding the legal definition of the term "natural-born citizen," as it is used in the Constitution of the United States of America, Article II section 1.

64. The dispute referenced in paragraph 61 of this complaint will materially affect the rights and obligations of both the plaintiffs and the defendants. Therefore declaratory relief from this Court is necessary to protect and preserve the rights of the parties and to prevent unnecessary and irreparable damages.

### RELIEF REQUESTED

**WHEREFORE**, plaintiffs respectfully request that this Court,

1) declare that a "natural-born citizen" is "all children born in a country of parents who were its citizens."

2) declare that with knowledge that Mr. Obama's father was not a U.S. citizen, any representation by the Defendants that Mr. Obama is qualified to hold the office of President of the United States would constitute negligence or fraud; and

3) issue an order granting temporary and permanent injunctive relief, including directives prohibiting the Defendants from issuing any letters, certificates, or other document to any Secretary of State of any state, any agent thereof, or any other official of any state, indicating that Mr. Obama is qualified to hold the office of President or that the Democratic Party has selected Mr. Obama as its Presidential candidate, or requesting that any state place the name of Mr. Obama on any ballot for the office of President of the United States for the 2012 general election; and

4) retain jurisdiction of this action to ensure compliance with this Court's decrees; and

5) an order directing the Defendants to pay expenses and costs associated with the maintenance of this action; and

6) an order directing Defendants to pay reasonable attorney's fees of the Plaintiffs; and

7) all such further relief as the Court may deem equitable, just, and proper.

Dated: 10/25/11                     __s/Van R. Irion_____
                                    Van R. Irion
                                    Liberty Legal Foundation
                                    9040 Executive Park Drive, Ste. 200
                                    Knoxville, TN 37923
                                    Attorney for the Plaintiffs
                                    (423) 208-9953