Van Irion
Liberty Legal Foundation
9040 Executive Park Dr., Ste. 200
Knoxville, TN 37923
(423) 208-9953
van@libertylegalfoundation.com
Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

LIBERTY LEGAL FOUNDATION;
JOHN DUMMETT;
LEONARD VOLODARSKY;
CREG MARONEY,

    Plaintiffs

    v.

NATIONAL DEMOCRATIC PARTY
of the USA, Inc.;
DEBBIE WASSERMAN SCHULTZ,

    Defendants

CASE NO: 2:11-cv-02089-SRB

Judge: Bolton

**MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR
PRELIMINARY INJUNCTION**
**Oral Argument Requested**

Pursuant to federal rules of civil procedure 7 and 65 the Plaintiffs move this

Court for a preliminary injunction prohibiting the Defendants from issuing any

letters, certificates, or other document to any Secretary of State of any state, any

agent thereof, or any other official of any state, indicating that Barack Obama is

qualified to hold the office of President or that the Democratic Party has selected Mr. Obama as its Presidential candidate, or requesting that any state place the name of Mr. Obama on any ballot for the office of President of the United States for the 2012 general election. Grounds for this motion, as more fully set forth below, are that Mr. Obama's father was never a U.S. citizen and that the Supreme Court of the United States has defined "natural born citizen" as a person with both parents being citizens at the time of the natural born citizen's birth, therefore Mr. Obama does not fulfill the requirements of the U.S. Constitution to hold the office of President.

## MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

### I.    Standard

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted).

### II.    Plaintiffs are Likely to Succeed on the Merits

It is undisputed that President Obama's father was never a U.S. citizen.[1] This fact has been admitted by Mr. Obama in his book "Dreams From My Father," has been confirmed in statements by the U.S. State Department, and is reflected on the birth certificate published by the White House and claimed by the President as his birth certificate. To Plaintiffs' knowledge Mr. Obama has never denied the fact that his father was not a U.S. Citizen, nor has he ever made any statements contrary to this fact.

The U.S. Supreme Court has defined "natural-born citizens" as "all children born in a country of parents who were its citizens." See *Minor v. Happersett*, 88

---

[1] Hereinafter this memorandum will refer to President Obama, also known as Barack Hussein Obama Jr., Barack Obama II, and Barry Soetoro, as "Mr. Obama." This reference is not intended to be disrespectful to the office of the President or to the individual Barack Obama. It is used only to identify the individual, separate from the office, and to simplify communication for purposes of this memo.

U.S. 162, 167 (1875). The Court in *Happersett* did go on to state that other sub-categories of people may or may not be within the broader term "citizen," it does so only after specifically identifying the narrower category "natural-born citizens." The *Happersett* Court clearly understood and established that "citizen" is a much broader term than "natural-born citizens." Its discussion of "citizen" does not negate or alter its earlier definition of the term "natural-born citizens." *See Id*. at 167-168.

Because it is undisputed that Mr. Obama's father was not a U.S. citizen, Mr. Obama can never be a natural-born citizen, as that term was defined by the U.S. Supreme Court. Therefore, Mr. Obama cannot meet the Constitutional requirements to hold the office of President. *See* U.S. Const. Art. II Section 1.[2]

It is also undisputed that the Defendants intend to nominate Mr. Obama as the Democratic nominee for the office of President of the United States in the 2012 general election. Said nomination requires the Defendants to send documents to the Secretaries of State of all states announcing that Mr. Obama is its Presidential nominee for the Democratic Party in the 2012 general election and representing that he is qualified to hold the office of President.

Because Mr. Obama is not a natural-born citizen, as defined by the Supreme Court, and because the Defendants are aware of all undisputed facts and definitions

---

[2] Mr. Obama's place of birth is completely irrelevant to this conclusion. This motion makes no assertion regarding Mr. Obama's place of birth.

set forth herein, any representation by the Defendants that Mr. Obama is Constitutionally-qualified to hold the office of President would be negligent misrepresentation or fraud.

### III. Absent the Requested Relief Plaintiffs will be Irreparably Harmed

Plaintiffs include individuals registered with the Federal Election Commission to run for the office of President in the 2012 election. Absent this Court's grant of the requested relief, said individuals will be irreparably harmed by the Defendants' misrepresentations that Mr. Obama is Constitutionally-qualified to hold the office of President.

Defendants' misrepresentation would cause Mr. Obama's name to appear on ballots for the office of President, despite the fact that Mr. Obama is not Constitutionally-qualified to hold said office. Such an appearance on ballots would reduce the number of votes obtained by Plaintiff-candidates for the same office, and would call into question the validity of such an election.

Because the timing of Presidential elections is critical to the outcome, the harm described could not be corrected by any means.

## IV.     The Balance of Equities Weighs Heavily in Favor of the Plaintiffs

This motion would require the Defendants to refrain from asserting a fact on behalf of Mr. Obama that is in clear contradiction to Mr. Obama's own assertions. This is not a heavy burden.

On the other side of the balance of equities, allowing the Defendants to make factual misrepresentations to 50 Secretaries of State would result in a flawed or invalid U.S. Presidential election. This result would cause irreparable harm to the Plaintiff-candidates, to all Americans, and to the validity of the U.S. Constitution.

## V.      Public Interest Supports Granting the Requested Injunction

The Secretaries of State for the 50 states perform their duties for the benefit of the citizens of their states. A gross misrepresentation of fact, perpetrated by the Defendants upon the 50 States, would cause profound harm to the public. Such an act amounts to perpetrating a gross misrepresentation upon each and every American voter. The public interest is obviously served by prohibiting such a clear misrepresentation of fact and preventing a flawed Presidential election to occur.

Further, the issue presented by this motion represents a more profound question: Will the Federal Courts of this nation enforce the most basic requirements of the U.S. Constitution? This motion relies upon uncontested facts and a Supreme Court-defined term. Public trust in the judicial branch and in the

authority of the Constitution will be greatly enhanced by granting the instant motion.

## VI.   Relief Sought

The Applicant requests an order prohibiting the Defendants from issuing any letters, certificates, or other document to any Secretary of State of any state, any agent thereof, or any other official of any state, indicating that Mr. Obama is qualified to hold the office of President or that the Democratic Party has selected Mr. Obama as its Presidential candidate, or requesting that any state place the name of Mr. Obama on any ballot for the office of President of the United States for the 2012 general election.


Respectfully submitted,


Dated: 12/4/11                             _s/Van R. Irion_____
                                           Van R. Irion
                                           Liberty Legal Foundation
                                           9040 Executive Park Drive, Ste. 200
                                           Attorney for Plaintiffs
                                           (423) 208-9953

## CERTIFICATE OF SERVICE

    It is hereby certified that on December 4, 2011, a copy of "Motion and Memorandum in Support of Motion for Preliminary Injunction" was filed electronically. A copy of this motion will be served upon the Defendants during the week of December 5, 2011, with the summons, complaint, and 1st amended complaint. Parties may also access this filing through the Court's electronic filing system.

                                      _s/Van R. Irion_____
                                      Van R. Irion
                                      Liberty Legal Foundation
                                      9040 Executive Park Drive, Ste. 200
                                      Attorney for Plaintiffs
                                      (423) 208-9953