Van Irion
Liberty Legal Foundation
9040 Executive Park Dr., Ste. 200
Knoxville, TN 37923
(423) 208-9953
van@libertylegalfoundation.com
Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

LIBERTY LEGAL FOUNDATION;
JOHN DUMMETT;
LEONARD VOLODARSKY;
CREG MARONEY,

    Plaintiffs

                         CASE NO: 2:11-cv-02089-SRB

    v.

                         Judge: Bolton

NATIONAL DEMOCRATIC PARTY
of the USA, Inc.;
DEMOCRATIC NATIONAL COMMITTEE;
DEBBIE WASSERMAN SCHULTZ,

    Defendants

**<u>PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE</u>**

Pursuant to this Court's Order dated February 28, 2012, the Plaintiffs hereby file this Response showing the authority for certified mail delivery of a summons and complaint as service of process on Defendant National Democratic Party of the USA, Inc. under the Federal Rules of Civil Procedure.

## Authority

Federal Rule of Civil Procedure 4 "Summons" states in relevant part:

"(e) SERVING AN INDIVIDUAL WITHIN A JUDICIAL DISTRICT OF THE UNITED STATES. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

Arizona State Rule of Civil Procedure 4.2 states in relevant part:

"(c) *Service by Mail; Return* When the whereabouts of a party outside the state is known, service may be made by depositing the summons and a copy of the pleading being served in the post office, postage prepaid, to be sent to the person to be served by any form of mail requiring a signed and returned receipt. Service by mail pursuant to this subpart and the return thereof may be made by the party procuring service or by that party's attorney. Upon return through the post office of the signed receipt, the serving party shall file an affidavit with the court stating

(1) that the party being served is known to be located outside the state,

(2) that the summons and a copy of the pleading were dispatched to the party being served;

(3) that such papers were in fact received by the party as evidence by the receipt, a copy of which shall be attached to the affidavit; and

(4) the date of receipt by the party being served and the date of the return of the receipt to the sender. This affidavit shall be prima facie evidence of personal service of the summons and the pleading and service shall be deemed complete and time shall begin to run for the purposes of Rule 4.2(m) of these Rules from the date of receipt by

the party being served, provided that no default may be had on such service *until such an affidavit has been filed*." (emphasis added).

The affidavit required pursuant to Arizona State Rule of Civil Procedure 4.2 was filed by Plaintiffs along with their motion for default judgment.

Plaintiffs also attempted twice to serve the registered agent for the National Democratic Party of the USA as registered with the Tennessee Secretary of State. Both attempts were returned refused. The Plaintiffs note that Tennessee Rules of Civil Procedure 4.04(11) also allows service of summons and complaint by certified mail, and in fact deems such service complete when the Post Office notes that service was refused.

Plaintiffs have been informed by other Defendants that the National Democratic Party of the USA is not associated with any of the other Defendants and is not associated with either the National Democratic Party or the Democratic Party of any state. The Plaintiffs have no way of knowing whether this is correct and have no personal knowledge of the truth of these assertions. The Plaintiffs have not been informed of these allegations by any person or entity other than the other named Defendants in the instant lawsuit.

During research to identify the proper parties in a different action, filed in Tennessee state court, the plaintiffs searched the Tennessee Secretary of State's database for any names associated with the National or State Democratic Parties.

The only name that was found in the Tennessee Secretary of State's database was the National Democratic Party of the USA.

If the other Defendant's assertions regarding the National Democratic Party of the USA are true, the other Defendants will not be prejudiced by entry of a default judgment against the National Democratic Party of the USA because such a default judgment would not place any obligations upon the other Defendants.

Also, if such assertions are true, a default judgment against National Democratic Party of the USA would ensure that that entity, whomever may be running said entity, would be prevented from taking actions contrary to the orders of this Court.

Therefore, the Plaintiffs hereby renew their request that this Court enter a default judgment against Defendant National Democratic Party of the USA, Inc.

Respectfully submitted,

Dated: 3/5/12    _s/Van R. Irion_____
                  Van R. Irion
                  Liberty Legal Foundation
                  9040 Executive Park Drive, Ste. 200
                  (423) 208-9953
                  van@libertylegalfoundation.com
                  Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

    It is hereby certified that on March 5, 2012, a copy of "Plaintiffs' Response to Order to Show Cause" was filed electronically. A copy of this motion will be served upon the Defendants through the Court's electronic filing system.

                                    _s/Van R. Irion_____
                                    Van R. Irion
                                    Liberty Legal Foundation
                                    9040 Executive Park Drive, Ste. 200
                                    (423) 208-9953
                                    van@libertylegalfoundation.com
                                    Attorney for Plaintiffs