IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Liberty Legal Foundation, et al., ) | No. CV 11-2089-PHX-SRB |
| Plaintiffs, ) | **ORDER** |
| vs. ) | |
| National Democratic Party of the USA,) Inc., et al., ) | |
| Defendants. ) | |

This action was filed on October 25, 2011 and summonses were issued to Plaintiff. Only one executed summons has been filed with the Court. On January 23, 2012, Plaintiff filed both an executed summons and a Motion for Default Judgment as to Defendant National Democratic Party of the USA, Inc.

The affidavit attached to the Motion for Default Judgment reflects that service was made by mail. Counsel's affidavit states: "The summons and a copy of the pleadings were dispatched to Defendant National Democratic Party of the USA at the address 430 S. Capitol Street SE, Washington, DC 20003." (Doc. 12). The affidavit also attests that the papers were received as evidenced by a receipt attached to the declaration. Plaintiff states that the summons and complaint were also served on Defendant National Democratic Party of the USA, Inc. by mailing the summons and complaint by certified mail, return receipt requested, "to the defendant at the address 430 of their registered agent in Memphis Tennessee. Said return receipt was returned to me marked UNC." (Doc. 12). Attached to the affidavit was

1 a copy of a return receipt addressed to the National Democratic Party of the USA, Inc. at 430 S. Capitol Street SE, containing an indecipherable signature.

Upon review of the Motion for Default Judgment the Court issued an Order to Plaintiff to show the authority for certified mail delivery of the summons and complaint as service of process on Defendant National Democratic Party of the USA, Inc. under the Federal Rules of Civil Procedure. Plaintiff responded on March 5, 2012 and cited as his authority Rule 4(e)(1), Fed. R. Civ. P. and Rule 4.2 Arizona Rules of Civil Procedure.

Rule 4(h), Fed. R. Civ. P. specifies the methods for serving a corporation, partnership or association. In a judicial district of the United States two methods of service are provided. Service may be made:

> (A) In the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and - if the agent is one authorized by statute and the statute so requires - by also mailing a copy of each to the defendant.

Rule 4(h)(1)(A)(B), Fed. R. Civ. P.

Rule 4(e)(1) allows service to be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." The Arizona Rules of Civil Procedure sets out the methods for service of a summons upon corporations, partnerships or other unincorporated associations. Rule 4.1(k) requires

> Service upon a domestic or foreign corporation . . . shall be effected by delivering a copy of the summons and of the pleading to a partner, an officer, a managing or general agent or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the party on whose behalf the agent accepted or received service.

In the Court's view, Federal Rules 4(h)(1)(A) and 4(e)(1) can only be interpreted to require that service on a corporation be made in accordance with the requirements of Rule 4.(1)(k), Arizona Rules of Civil Procedure which is in all material respects identical to Rule 4(h)(1)(B), Fed. R. Civ. P. Sending a summons and complaint by registered mail addressed

not to an individual but to a corporation is not sufficient to effectuate service on a corporation under either the federal or Arizona rules.

Plaintiff also states there were two attempts to serve the registered agent for the National Democratic Party of the USA as registered with the Tennessee Secretary of State and that both attempts were refused. No detail is provided with respect to these attempts at service but the Court infers that both were also registered mail. The Court finds that service has not been properly made upon Defendant National Democratic Party of the USA, Inc. In order to properly serve this corporation, the Court requires that Plaintiff <u>deliver</u> a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service of process. Service must be made by a person qualified to serve a summons and complaint under Rule 4(c)(2), Fed. R. Civ. P.

IT IS ORDERED denying Plaintiff's Motion for Default Judgment (Doc. 12).

IT IS FURTHER ORDERED that this case will be dismissed against Defendant National Democratic Party of the USA, Inc. without further notice if Plaintiff fails to serve Defendant National Democratic Party of the USA, Inc. in accordance with the requirements of this Order and file a return of service within 30 days of the date of this Order.

DATED this 23rd day of March, 2012.

_____
Susan R. Bolton
United States District Judge