Paul F. Eckstein, Bar No. 001822
PEckstein@perkinscoie.com
D. Andrew Gaona, Bar No. 028414
AGaona@perkinscoie.com
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
Telephone: 602.351.8000
Facsimile: 602.648.7000
docketPHX@perkinscoie.com

Attorneys for Defendants Democratic National
Committee and Debbie Wasserman Schultz

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| LIBERTY LEGAL FOUNDATION; JOHN DUMMETT; LEONARD VOLODARSKY; CREG MARONEY,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL DEMOCRATIC PARTY OF THE USA, INC.; DEMOCRATIC NATIONAL COMMITTEE; AND DEBBIE WASSERMAN SCHULTZ,<br><br>Defendants. | No. 2:11-cv-02089<br><br>**MOTION TO DISMISS**<br><br>(Oral Argument Requested)<br><br>(Assigned to the Hon. Susan Bolton) |

Pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Democratic National Committee ("DNC") and Debbie Wasserman Schultz ("Congresswoman Wasserman Schultz") move that this case be dismissed in its entirety with prejudice. This Motion is supported by the accompanying Memorandum of Points and Authorities, which is incorporated herein by reference.

### MEMORANDUM OF POINTS AND AUTHORITIES

#### Statement of the Case

On October 25, 2011, Plaintiffs Liberty Legal Foundation, John Dummett, Leonard Volodarsky, and Creg Maroney filed a Class Action Complaint for Declaratory and

1    Injunctive Relief, naming only the National Democratic Party of the USA, Inc.[1] and

2    Congresswoman Wasserman Schultz as defendants. [Doc. No. 1] Plaintiffs purported to

3    serve only the National Democratic Party of the USA, Inc. by certified mail. [Doc. No.

4    12] On December 4, 2011, prior to any party filing an answer or otherwise appearing in

5    the action, Plaintiffs filed a First Amended Class Action Complaint against the same

6    parties, along with a request for a preliminary injunction. [Doc. Nos. 8-9] On January 23,

7    2012, without the consent of the parties or leave of court as required by Federal Rule of

8    Civil Procedure 15(a)(2), Plaintiffs filed a Second Amended Class Action Complaint

9    ("SAC") which added the DNC as an additional defendant. [Doc. No. 10][2] That same

10   day, Plaintiffs also filed a Motion and Memorandum seeking the entry of a default

11   judgment against Defendant National Democratic Party of the USA, Inc. [Doc. No. 12]

12        On February 29, 2012, the Court ordered that Plaintiffs' counsel show cause as to

13   why service on the National Democratic Party of the USA, Inc. by certified mail was

14   proper under the Federal Rules of Civil Procedure. [Doc. No. 14] Plaintiffs' counsel

15   responded citing Rule 4(e)(1) of the Federal Rules of Civil Procedure and Rule 4.2 of the

16   Arizona Rules of Civil Procedure. [Doc. No. 15] On March 23, 2012, the Court held that

17   service on the National Democratic Party of the USA, Inc. was improper, and ordered that

18   the case be dismissed unless proper service was carried out within thirty days. [Doc.

19   No. 17]

20   [1]   The "National Democratic Party of the USA, Inc." is named as a defendant in this
     case, but is not an organization affiliated with or sanctioned by the DNC or the
21   Democratic Party. It is a Tennessee corporation (No. 000640511) that was established in
     2010, and is apparently a sham organization that may be affiliated with the Shelby County
22   (Tennessee) Republican Party. *See* Tennessee Secretary of State, Business Entity Detail,
     http://tnbear.tn.gov/ECommerce/FilingDetail.aspx?CN=09124412720215702417208917 9
23   042105022040227133146 (last visited Apr. 10, 2012) (stating that the "Shelby County
     Republican Party, Inc." is an assumed named of the National Democratic Party of the
24   USA, Inc.).    Plaintiffs' litigation strategy apparently involves naming this sham
     organization as a defendant and attempting to obtain a default judgment against it for
25   public relations purposes.

26   [2]   The filing of the SAC without the consent of the parties or leave of court is an
     independent ground on which the Court could dismiss this case. However, the DNC and
27   Congresswoman Wasserman Schultz file this Motion to Dismiss on other grounds in order
     to effectuate the prompt dismissal of this frivolous and harassing lawsuit with prejudice.
28

1    Additionally, on March 22, 2012, the Court entered an order finding that

2    Congresswoman Wasserman Schultz had not yet been served, and ordered Plaintiffs to

3    show cause for its failure to do so. [Doc. No. 16]  On March 26, 2012, Plaintiffs filed a

4    Motion and Memorandum seeking the entry of a default judgment against

5    Congresswoman Wasserman Schultz [Doc. No. 19], along with a response to the Court's

6    March 22 Order to Show Cause and alleged proof of service [Doc. No. 20].  On March 28,

7    2012, the Court entered an additional order denying Plaintiffs' request for entry of a

8    default judgment against Congresswoman Wasserman Schultz because the proof of

9    service provided by Plaintiffs "fail[ed] to include a signed receipt." [Doc. No. 21]

10    The DNC was personally served with the Class Action Complaint, the First

11    Amended Class Action Complaint, and the SAC on March 28, 2012, and Congresswoman

12    Wasserman Schultz was purportedly served at the DNC's Washington, D.C. office on

13    April 4, 2012.

14    While taking all of these steps in the District of Arizona, the same Plaintiffs

15    instituted parallel proceedings in Tennessee.[3]  Indeed, just one day after filing the initial

16    Class Action Complaint in the instant case, Plaintiffs filed a nearly identical complaint in

17    Shelby County Chancery Court.  *Liberty Legal Found. v. Nat'l Democratic Party of the*

18    *USA, Inc.*, No. CH-11-1757 (Tenn. Ch. Ct. Shelby Cnty).  Three days prior to the filing of

19    the First Amended Class Action Complaint with this Court, Plaintiffs apparently filed a

20    nearly identical document in Shelby County Chancery Court.  The Tennessee case was

21    removed to the Western District of Tennessee on February 23, 2012.  *Liberty Legal*

22    *Found. v. Nat'l Democratic Party of the USA, Inc.*, No. 2:12-cv-02143-STA-cgc (W.D.

23    Tenn.).  Currently before the Tennessee district court are three separate motions to dismiss

---

24    [3]    The Tennessee complaint relies on the same legal theories and seeks the same

25    relief as that sought by Plaintiffs in the instant case.  The only substantive difference
between the two cases is that the Tennessee case also names the Tennessee Democratic

26    Party and its Chairman as defendants.  Although the existence of duplicative federal
proceedings normally allows a court to stay or dismiss a case, it is an abuse of discretion

27    to prevent "a party from proceeding in [a] suit that is not truly duplicative."  *Smith v. SEC*,
129 F.3d 356, 361 (6th Cir. 1997).  Because the Tennessee complaint names additional

28    parties, the two cases are likely not "duplicative," and thus the DNC and Congresswoman
Wasserman Schultz do not seek dismissal on that ground.

1   filed by the defendants and a motion to remand filed by the plaintiffs. *See id.* at Doc. Nos.

2   4-9, 12.

3       The gravamen of Plaintiffs' various complaints (both here and in the Tennessee

4   action) is that President Obama is not a natural born citizen of the United States, and that

5   he is therefore "not qualified to be placed on any ballot for the office of President in the

6   2012 general election." [Doc. No. 10 ¶ 13]  According to Plaintiffs, this result is dictated

7   by *Minor v. Happersett*, 88 U.S. 162, 167 (1874), in which Plaintiffs allege that the

8   United States Supreme Court "defined 'natural-born citizens' as 'all children born in a

9   country of parents who were its citizens.'" [*Id.* ¶ 12]  Plaintiffs allege causes of action for

10  negligent misrepresentation, "fraud/intentional misrepresentation," and declaratory relief,

11  and ask that this Court enjoin the "Democratic Party from making any representation by

12  [sic] to any State official asserting, implying, or assuming that Mr. Obama is qualified to

13  hold the office of President." [*Id.* ¶ 5]

14                          **Argument**

15      Having been rejected by every federal and state court to consider the issue,

16  Plaintiffs' allegations are utterly baseless and are part of a well-coordinated effort to force

17  President Obama and those who support him to needlessly respond to frivolous challenges

18  to his well-established status as a "natural born citizen" of the United States.  The question

19  of President Obama's citizenship is now settled in all reasonable minds.  He is a "natural-

20  born citizen," born in Hawaii to a mother who was indisputably a citizen of the United

21  States.   Therefore, he satisfies the requirements of Article II of the United States

22  Constitution, is eligible to serve as President of the United States, and is eligible to stand

23  for re-election to that office.  As a result, Plaintiffs' SAC has no basis in fact or law.

24      The DNC and Congresswoman Wasserman Schultz seek the prompt dismissal of

25  this frivolous attempt to interfere with the right of the Democratic Party to choose its

26  presidential candidate, and the right of voters throughout the country to vote for President

27  Obama's re-election if they so choose.  They do so because: (1) the Court lacks subject

28  matter jurisdiction over this action; (2) the Court lacks personal jurisdiction over the DNC

1   and Congresswoman Wasserman Schultz; and (3) most fundamentally, Plaintiffs fail to

2   state a claim upon which relief can be granted.

**I.   THE COURT LACKS SUBJECT MATTER JURISDICTION TO ADJUDICATE THIS DISPUTE**

5   The Court should dismiss Plaintiffs' SAC because Plaintiffs lack standing, and in

6   any event, the dispute is not ripe for judicial review.   As a result, the Court lacks subject

7   matter jurisdiction.

**A.   Plaintiffs Lack Standing.**

9   First, because Plaintiffs fail to allege a cognizable injury-in-fact and thus lack

10  standing, the Court does not have subject matter jurisdiction over this case.   *Maya v.*

11  *Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) ("[L]ack of *Article III* standing

12  requires dismissal for lack of subject matter jurisdiction.").   Standing under Article III of

13  the United States Constitution is an "irreducible constitutional minimum" with three

14  elements. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).   First, the plaintiff

15  must have experienced an injury-in-fact, which is "an invasion of a legally protected

16  interest which is (a) concrete and particularized; and (b) actual or imminent, not

17  conjectural or hypothetical." *Id.* (citations and internal quotation marks omitted).   Second,

18  the plaintiff must allege a "causal connection between the injury" and the defendant's

19  conduct. *Id.* Finally, a favorable decision in favor of the plaintiff must be likely to redress

20  its injury. *Id.* at 561.   In this case, the Court need only consider Plaintiffs' failure to allege

21  injury-in-fact to conclude that the SAC should be dismissed for lack of constitutional

22  standing.

**1.   Plaintiff Creg Maroney**

24  Plaintiff Maroney alleges only that he is a "United States Citizen." [Doc. No. 10

25  ¶ 33] As a result, his alleged injury-in-fact derives solely from his status as a citizen and

26  as a voter.   This alleged harm is neither concrete nor particularized, and is thus

27  insufficient to establish standing under Article III. *See Berg v. Obama*, 586 F.3d 234, 240

28  (3d Cir. 2009) ("Even if we assume that the placement of an ineligible candidate on the

1    presidential ballot harmed Berg, that injury, including any frustration Berg felt because

2    others refused to act on his view of the law, was too general for the purposes of Article

3    III: Berg shared both his 'interest in proper application of the Constitution and laws,' . . .

4    *pari passu* with all voters . . . .").

5            ## 2.    Plaintiffs John Dummett and Leonard Volodarsky

6            Plaintiffs Dummett and Volodarsky both allege that they are "candidate[s] for the

7    office of President of the United States in the 2012 election" [Doc. No. 10 ¶¶ 21, 28], and

8    that they will be harmed because "the appearance of Barrack [sic] Obama's name . . . on

9    Ballots for the 2012 general election would result in votes for Mr. Obama that would

10   otherwise be cast for" them [*Id.* ¶¶ 25, 30].[4]   Plaintiff Dummett alleges that he "is

11   registered with several states as a write-in candidate" for the office of President of the

12   United States, but does not list the states in which he is allegedly registered.  [*Id.* ¶¶ 22-

13   23] Plaintiff Volodarsky does not make any similar allegations.

14           Although the Ninth Circuit has recognized that the "potential loss of an election"

15   can constitute an injury-in-fact under the guise of "competitive standing," *see Drake v.*

16   *Obama*, 664 F.3d 774, 783 (9th Cir. 2011), that concept cannot apply to Plaintiffs

17   Dummett and Volodarsky in the context of this case.  Simply put, they do not allege that

18   any defendant has engaged in a practice that would provide President Obama with an

19   "unfair advantage in the election process." *Owen v. Mulligan*, 640 F.2d 1130, 1133 (9th

20   Cir. 1981) (concluding that a candidate had standing to challenge the Postal Service's

21   preferential mailing rate afforded his opponent because such "abuses of mail

22   preferences . . . arguably promote[d] . . . electoral prospects") (internal quotation marks

23   omitted).

24

25   _____

26   [4]       According to the Federal Election Commission, Plaintiff Dummett has registered
     as a Republican candidate for the office of President of the United States, while Plaintiff
27   Volodarsky has apparently not submitted the required forms to be considered a candidate
     for that office. *See* Federal Election Comm'n, 2012 Presidential Form 2 Filers (updated
28   April 11, 2012), http://www.fec.gov/press/press2011/presidential_form2nm.shtml (last
     visited Apr. 11, 2012).

But more importantly, the presidential prospects of Plaintiffs Dummett and Volodarsky are "theoretical at best," and any harm they may sustain in the future is entirely speculative. *Cf. Robinson v. Bowen*, 567 F. Supp. 2d 1144, 1146 (N.D. Cal. 2008) (holding that the plaintiff, "a mere candidate hoping to become a California elector pledged to an obscure third-party candidate whose presidential prospects are theoretical at best," lacked standing to challenge Senator John McCain's qualifications because he had "no greater stake in the matter than a taxpayer or voter"). Accordingly, neither Dummett nor Volodarsky has standing.

### 3.    Plaintiff Liberty Legal Foundation

Finally, Plaintiff Liberty Legal Foundation ("LLF") alleges that its "primary goal is the defense of basic human rights," and that its "stated mission is to '[s]trategically challenge flawed court precedent to restore the Constitution and individual liberties.'" [Doc. No. 10 ¶ 16]  It further alleges that at least one of its members "is currently a candidate for the office of President of the United States."  [*Id.* ¶ 17]  An entity such as the LLF can have Article III standing, but must establish that: "(1) at least one of its members would have standing to sue in his own right, (2) the interests the suit seeks to vindicate are germane to the organization's purpose, and (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Fleck & Assocs., Inc. v. City of Phoenix*, 471 F.3d 1100, 1105-06 (9th Cir. 2006).

As set forth in Sections I.A.1 and I.A.2, *supra*, Plaintiffs Maroney, Dummett, and Volodarsky – all LLF members – lack standing.  Because an association has standing only if at least one member "would have standing to sue in his own right," the LLF does not have standing in this case.  Moreover, the SAC seeks to interfere with the internal candidate selection processes of the Democratic Party, which has nothing to do with the "defense of basic human rights," (the LLF's "primary goal") and does not purport to be based on a "[s]trategic[ ] challenge [to] flawed court precedent" (the LLF's "stated mission").  Accordingly, the interests that the LLF seeks to protect in this case are not

1    germane to its purpose.   The LLF thus fails the first two prongs of the associational

2    standing test, and lacks standing to advance the claims brought in the SAC.

3        **B.      This Dispute is Not Ripe.**

4        Beyond Plaintiffs' failure to allege an injury-in-fact, the Court further lacks subject

5    matter jurisdiction in this matter because the dispute is not ripe for judicial review.   *See*

6    *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005) ("If a case is not

7    ripe for review, then there is no case or controversy, and the court lacks subject-matter

8    jurisdiction.").   Specifically, judicial review in this matter is not appropriate – if at all –

9    until after the 2012 general election and the counting of electoral votes by Congress.

10       As Judge William Aslup of the Northern District of California explained in

11   *Robinson v. Bowen*, a case in which the plaintiffs sought to preclude Senator John McCain

12   from the 2008 ballot in California:

13           It is clear that mechanisms exist under the Twelfth
         Amendment and 3 U.S.C. § 15 for any challenge to any
14       [presidential] candidate to be ventilated when electoral votes
         are counted, and that the Twentieth Amendment provides
15       guidance regarding how to proceed if a president elect shall
         have failed to qualify.   Issues regarding qualifications for
16       president are quintessentially suited to the foregoing process.
         Arguments concerning qualifications or lack thereof can be
17       laid before the voting public before the election and, once the
         election is over, can be raised as objections as the electoral
18       votes are counted in Congress.   The members of the Senate
         and the House of Representatives are well qualified to
19       adjudicate any objections to ballots for allegedly unqualified
         candidates.

20

21   567 F. Supp. 2d at 1147.   Because of these procedures already set forth in federal law, the

22   court held that "[j]udicial review – if any – should occur only *after* the electoral and

23   Congressional processes have run their course."   *Id.* (emphasis added).   What was true

24   then is true now, and accordingly, the SAC should be dismissed because this case is not

25   ripe for review.[5]

26

27   ―――――――――――――
     [5]    That this dispute is not currently ripe is further highlighted by the fact that
     Plaintiffs brought causes of action for negligent misrepresentation and "fraud/intentional
28   misrepresentation" for conduct that *has yet to occur*.   This provides an independent
     ground upon which the Court should dismiss this case.

1  **II.   THE COURT LACKS PERSONAL JURISDICTION OVER THE DNC AND CONGRESSWOMAN WASSERMAN SCHULTZ**

2

3        Both the DNC and Congresswoman Wasserman Schultz are out-of-state

4  defendants, and Plaintiffs' SAC contains no allegations supportive of the conclusion that

5  either is amenable to suit in this district.   "Where a defendant moves to dismiss a

6  complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating

7  that jurisdiction is appropriate."   *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d

8  797, 800 (9th Cir. 2004).

9        A court has personal jurisdiction over an out-of-state defendant only when the

10  defendant has "certain minimum contacts with [the forum] such that maintenance of the

11  suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co.*

12  *v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).   Personal

13  jurisdiction can be either general or specific.   Here, the SAC contains no allegations that

14  would support the exercise of personal jurisdiction under either theory, and thus should be

15  dismissed with prejudice.[6]

16        **A.     The Court Lacks General Personal Jurisdiction Over the DNC and Congresswoman Wasserman Schultz.**

17

18        The exercise of general personal jurisdiction over an out-of-state defendant is

19  constitutionally permissible only if the defendant "engage[s] in continuous and systematic

20  general business contacts, that approximate physical presence in the forum state."

21  *Schwarzenegger*, 374 F.3d at 801 (citations and internal quotation marks omitted).   This

22  standard is intentionally "exacting . . . because a finding of general jurisdiction permits a

23  defendant to be haled into court in the forum state to answer for any of its activities

24  anywhere in the world." *Id.*

25

26  [6]     The SAC should be dismissed with prejudice because even if Plaintiffs could allege any facts that would give rise to this Court's exercise of personal jurisdiction over Defendants DNC and Congresswoman Wasserman Schultz, the relief sought by plaintiffs

27  is against neither party.   *See* A.R.S. § 16-344 (stating that the "*chairman of the state committee of a political party*" shall transmit the names of candidates for the office of

28  presidential elector to the Arizona Secretary of State) (emphasis added).

Plaintiffs' SAC does not contain a single allegation that the DNC or Congresswoman Wasserman Schultz have *any* "general business contacts" with the State of Arizona, to say nothing of contacts that could be characterized as "continuous and systematic." Plaintiffs do not allege that the DNC has an office or does business in this state; to the contrary, they acknowledge that it "maintains an office" in Washington, D.C. [Doc. No. 10 ¶ 37] Similarly, Plaintiffs do not allege that Congresswoman Wasserman Schultz maintains an Arizona home, visits the state with any regularity, or that she has ever stepped foot in Arizona at all. Indeed, Plaintiffs' *only* jurisdictional allegations related to Congresswoman Wasserman Schultz merely state that she currently serves as "Chairman" of the DNC. [*Id.* ¶ 38] Plaintiffs have failed to carry their burden to establish that the Court has general personal jurisdiction over the DNC and Congresswoman Wasserman Schultz.[7]

**B.     The Court Lacks Specific Personal Jurisdiction Over the DNC and Congresswoman Wasserman Schultz.**

The exercise of specific personal jurisdiction over an out-of-state defendant is proper only if it satisfies a three-prong test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws;

> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

---

[7]     The only jurisdictional allegations that mention Arizona relate to what Plaintiffs characterize as "Defendant Democratic Party." [Doc. No. 10 ¶ 36] The SAC does not name as a defendant an entity known as the "Democratic Party," and to the extent that these allegations refer to defendant National Democratic Party of the USA, Inc., they are misleading and incorrect. *See* n.1, *supra.*

1    *Schwarzenegger*, 374 F.3d at 802 (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir.

2    1987)).  The Plaintiffs' failure to establish either of the first two prongs is fatal to its

3    attempt to establish personal jurisdiction in the forum state.  *Id.*

4          As set forth in Section II.A, *supra*, Plaintiffs' jurisdictional allegations relating to

5    the DNC and Congresswoman Wasserman Schultz are wholly insufficient to support the

6    conclusion that either party had any warning that they would be subject to suit in this

7    district.  The SAC does not allege a single instance in which either defendant purposefully

8    directed any activities toward Arizona or purposefully availed itself of the privileges of

9    conducting any activities here.  Accordingly, the Court lacks specific personal jurisdiction

10   over the DNC and Congresswoman Wasserman Schultz.

11   **III.   PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE**

12   **       GRANTED**

13         Finally, Plaintiffs' SAC fails to state a claim upon which relief can be granted

14   because (1) this Court cannot interfere with the DNC's choice of its presidential nominee,

15   and (2) President Obama is unquestionably a natural born citizen of the United States, and

16   is thus qualified for the office he holds and to which he seeks re-election.

17         **A.   The Democratic Party Has a Constitutional Right to Nominate**

18   **             Whomever it Chooses as its Candidate for President of the United**
     **             States.**

19         Assuming *arguendo* that Plaintiffs' uniformly discredited allegations regarding

20   President Obama's qualifications to hold the office of President of the United States are

21   true, the SAC fails to state a claim upon which this Court can grant relief because the

22   Democratic Party and its state-party affiliates have a constitutional right to nominate

23   whomever they desire as their candidate for President of the United States.  *See Cal.*

24   *Democratic Party v. Jones*, 530 U.S. 567, 575 (2000) ("Unsurprisingly, our cases

25   vigorously affirm the special place the First Amendment reserves for, and the special

26   protection it accords, the process by which a political party select[s] a standard bearer who

27   best represents the party's ideologies and preferences.") (internal quotation marks

28   omitted); *cf. N.Y. Bd. of Elections v. Lopez Torres*, 552 U.S. 196, 202 (2008) ("A political

1    party has a First Amendment right . . . to choose a candidate-selection process that will in

2    its view produce the nominee who best represents its political platform.").

3        Importantly, Plaintiffs' SAC does not seek an injunction against state election

4    officials that would require those officials to exercise some ministerial duty and preclude

5    President Obama's name from state ballots. [Doc. No. 10 ¶ 3]  Instead, it asks this Court

6    to directly interfere with the DNC's candidate selection process (and thus its First

7    Amendment rights) by enjoining the DNC from "making any representation" to state

8    election officials that President Obama is qualified to hold the office of President and to

9    stand for re-election. [*Id.* ¶ 5]  This the Court simply cannot do, and as a result, it should

10   not entertain Plaintiffs' frivolous request.

11       **B.      President Obama is Indisputably a "Natural-Born Citizen."**

12       At its heart, Plaintiffs' SAC must be dismissed because there is no question as to

13   President Obama's status as a "natural-born citizen" of the United States.  Contrary to

14   Plaintiffs' arguments – and those of each and every "birther" plaintiff that has preceded

15   them in state and federal courts throughout the country – President Obama is a natural

16   born citizen by virtue of his birth in the United States. *See United States v. Wong Kim*

17   *Ark*, 169 U.S. 649, 702 (1898) (holding that a person born to non-citizens from China was

18   a citizen of the United States because "[e]very person born in the United States, and

19   subject to the jurisdiction thereof, becomes at once a citizen of the United States"); *see*

20   *also Hollander v. McCain*, 566 F. Supp. 2d 63, 66 (D.N.H. 2008) ("Those born 'in the

21   United States, and subject to the jurisdiction thereof' have been considered American

22   citizens under American law in effect since the time of the founding and thus eligible for

23   the presidency.") (citations omitted); *Ankeny v. Governor of Indiana*, 916 N.E.2d 678, 688

24   (Ind. Ct. App. 2009) (citing *Wong Kim Ark*, and holding that both President Obama and

25   Senator John McCain were "natural born citizens" because "persons born within the

26   borders of the United States are 'natural born [c]itizens' for Article II, Section 1 purposes,

27   regardless of the citizenship of their parents").[8]

28   ───────────────────────

[8]       The DNC and Congresswoman Wasserman Schultz ask that the Court take judicial

1    Plaintiffs' SAC relies entirely on *Minor v. Happersett*. [Doc. No. 10 ¶ 2]   But

2  contrary to Plaintiffs' characterizations, *Minor* did not exclusively define "'natural-born

3  citizens' as 'all children born in a country of parents who were its citizens.'"   Indeed, the

4  Court *expressly* left open the question of whether a child born to alien parents is a "natural

5  born citizen" because it was not necessary to the disposition of the case.   *See Minor*, 88

6  U.S. at 167-68 (noting that it was not necessary to resolve existing doubts as to whether a

7  child born in the United States, "without reference to the citizenship of their parents," is a

8  "natural-born citizen[]").[9]   That question was in effect resolved in *Wong Kim Ark*, which

9  held that "[e]very person born in the United States, and subject to the jurisdiction thereof,

10  becomes at once a citizen of the United States," and not at a later time by naturalization or

11  some other means.  169 U.S. at 702.  The very essence of a natural born citizen is that s/he

12  becomes a citizen "at once" upon birth, and not at some later time.

13    Because President Obama is unquestionably eligible for the office of President of

14  the United States, the Court should dismiss the SAC for failure to state a claim upon

15  which relief can be granted.

16

17

---

18  notice of the growing list of state courts and administrative agencies throughout the
country that have been forced to devote precious judicial resources to handling (and
19  dismissing) claims like that brought by Plaintiffs in the instant case.  *See, e.g., Allen v.
Ariz. Democratic Party*, No. C20121317 (Ariz. Pima Cnty. Super. Ct. Mar. 7, 2012)
20  (dismissing case challenging Obama's eligibility to be on the 2012 ballot; finding that
Obama is a "natural born citizen" under *Wong Kim Ark*; and expressly rejecting argument
21  that *Minor v. Happersett* holds otherwise), *appeal filed* (Ariz. Ct. App. Mar. 8, 2012);
*Farrar v. Obama*, No. OSAH-SECSTATE-CE-1215136-60-MALIHI (Ga. Office of St.
22  Admin. Hrg. Feb. 3, 2012) (rejecting challenge to Obama's eligibility to appear on 2012
ballot; finding that Obama was born in U.S. and is a "natural born citizen"), decision
23  adopted by Ga. Sec'y State (Feb. 7, 2012), *appeal dismissed, Farrar v. Obama*, No.
2012CV211398 (Ga. Fulton Cnty. Super. Ct. Mar. 2, 2012), *recons. denied* (Mar. 14,
24  2012); *Jackson v. Obama*, 12 SOEB GP 104 (Ill. Bd. of Elections Hearing Officer
Recommendation Jan. 27, 2012) (Obama's birth certificate "clearly establishes" his
25  eligibility for office as a "Natural Born Citizen"), *objection overruled* (Ill. State Bd. of
Elections Feb. 3, 2012).  Copies of these decisions are attached hereto as Exhibits A-C.
26  For a complete list of cases brought by "birthers" in one form or another, see
http://tesibria.typepad.com/whats_your_evidence/BIRTHER%20CASE%20LIST.pdf.
27

28  [9]    Plaintiffs' lack of candor on the limitations of the United States Supreme Court
case that they claim dictates the outcome here is inexplicable.

NO. 2:11-CV-02089

1

**Conclusion**

2  Plaintiffs' SAC should be dismissed with prejudice because (1) the Court lacks

3  subject matter jurisdiction over the claims made therein, (2) the Court lacks personal

4  jurisdiction over the DNC and Congresswoman Wasserman Schultz, and (3) above all,

5  Plaintiffs fail to state a claim upon which relief can be granted.  The Court should not

6  further entertain Plaintiffs' spurious attempt to abuse the judicial process in furtherance of

7  their misguided political agenda.

8

9  Dated: April 16, 2012                    **PERKINS COIE** LLP

10

11                                    By: _s/ Paul F. Eckstein_
                                          Paul F. Eckstein, Bar No. 001822
12                                        PEckstein@perkinscoie.com
                                          D. Andrew Gaona, Bar No. 028414
13                                        AGaona@perkinscoie.com
                                          2901 N. Central Avenue, Suite 2000
14                                        Phoenix, AZ  85012-2788
                                          Telephone:  602.351.8000
15                                        Facsimile:  602.648.7000

16                                        Attorneys for Defendants
                                          Democratic National Committee and
17                                        Debbie Wasserman Schultz

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on April 16, 2012, I electronically transmitted the attached

3

document to the Clerk's Office using the CM/ECF System.

4

I hereby certify that on April 16, 2012, the following was served by the U.S.

5

District Clerk's electronic system:

6

Mr. Van Irion (van@libertylegalfoundation.com)

7

8

I hereby certify that on April 16, 2012, the following was mailed via First-Class

9

U.S. Mail to:

10

        Honorable Susan Bolton
        United States District Court

11

        401 W. Washington
        Suite 130

12

        Phoenix, AZ    85003

13

              *s/ Clair H. Wendt*

14

15

16

17

18

19

20

21

22

63920-0001.0010/LEGAL23398598.1

23

24

25

26

27

28

NO. 2:11-CV-02089

## INDEX OF EXHIBITS TO MOTION DISMISS

| | |
|---|---|
| Exhibit A | *Allen v. Ariz. Democratic Party*, No. C20121317 (Ariz. Pima Cnty. Super. Ct. Mar. 7, 2012). |
| Exhibit B | *Farrar v. Obama*, No. 2012CV211398 (Ga. Fulton Cnty. Super. Ct. Mar. 2, 2012). |
| Exhibit C | *Jackson v. Obama*, 12 SOEB GP 104 (Ill. Bd. of Elections Hearing Officer Recommendation Jan. 27, 2012). |

# EXHIBIT A

FILED
PATRICIA NOLAND
CLERK, SUPERIOR COURT
3/7/2012 3:47:54 PM

ARIZONA SUPERIOR COURT, PIMA COUNTY

HON. RICHARD E. GORDON                    CASE NO.    C-20121317
JUDGE

                                          DATE:       March 07, 2012

KENNETH ALLEN,
        Plaintiff,

VS.

ARIZONA DEMOCRATIC PARTY, et al.,
        Defendants.

---

## R U L I N G

---

### IN CHAMBERS UNDER ADVISEMENT RULING

Pending before the Court is Plaintiff's "Ballot Challenge Pursuant to A.R.S. § 16-351(B) and Article II Section 1 Clause 5 of the United States Constitution and Rule 8." Plaintiff claims that President Obama cannot stand for reelection because he is not a "natural born citizen" as required by the United States Constitution. U.S. Const. art. II, § 1, cl. 5. According to Plaintiff this is so because President Obama's father was a resident of Kenya and thus a British citizen. (Complaint ¶¶ 4-6, 9-34.)

The Arizona Democratic Party has filed a Motion to Dismiss pursuant to Ariz. R. Civ. P. 12(b)(6), (7). The Democratic Party argues that dismissal is appropriate based on the absence of legal merit and because Plaintiff failed to make the Secretary of State and all of Arizona's county boards of supervisors parties to this lawsuit. The Court has reviewed all of the memoranda submitted and, yesterday, on March 6, 2012, held a hearing. For the following reasons, the Court will deny the relief requested by Plaintiff and dismiss this case.

### A. **Standard**

When determining whether to dismiss a claim, the trial court should consider the well-pled factual allegations contained in the pleading. *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419 ¶ 7, 189 P.3d 344, 346 (2008). The trial court must assume the truth of the pleading's well-pled factual allegations and indulge all reasonable inferences resulting therefrom. *Id.* Dismissal is proper only if the plaintiff "would not be entitled to relief under any facts susceptible of proof in the statement of the claim." *Mohave Disposal, Inc. v. City of Kingman*, 186 Ariz. 343, 346, 922 P.2d 308, 311 (1996).

Mary Dimond
Judicial Administrative Assistant

**R U L I N G**

**B.  Discussion**

Preliminarily, the Court notes that Plaintiff's ballot challenge does not fit neatly, if at all, within A.R.S. § 16-351.  Although Arizona courts have addressed challenges dealing with federal offices, *see, e.g., Harless v. Lockwood,* 85 Ariz. 97, 100, 332 P.2d 887, 888 (1958), the current controversy over the President's qualification under the United States Constitution to hold the office of the President of the United States is uniquely federal in character and better suited for the federal courts to handle following the upcoming Presidential election.  *See Markham Robinson v. Bowen,* 567 F.Supp.2d 1144, 1147 (N.D.Cal. 2008); *see also Keyes v. Bowen,* 117 Cal.Rptr.3d 207, 216-17 (Cal. Ct. App.), *cert. denied,* __ U.S. __, 132 S.Ct. 199 (2011).  But even assuming that the current challenge falls within this Court's purview to decide, there are indispensible parties, most notably Arizona's Secretary of State, who has not been named in the lawsuit.  *See* A.R.S. § 16-344(A), (B).  Most importantly, Arizona courts are bound by United States Supreme Court precedent in construing the United States Constitution, *Arizona v. Jay J. Garfield Bldg. Co.,* 39 Ariz. 45, 54, 3 P.2d 983, 986 (1931), and this precedent fully supports that President Obama is a natural born citizen under the Constitution and thus qualified to hold the office of President.  *See United States v. Wong Kim Ark,* 169 U.S. 649, 702-03 (1898) (addressing U. S. Const. amend. XIV); *Ankeny v. Governor of the State of Indiana,* 916 N.E.2d 678, 684-88 (Ind. App. 2010) (addressing the precise issue).  Contrary to Plaintiff's assertion, *Minor v. Happersett,* 88 U.S. 162 (1874), does not hold otherwise.

Finally, Plaintiff has filed a Motion to Stay Proceedings to Gather Important Information for Court's Deliberations.  Plaintiff argues that he would like more time to present evidence and case law and, given his *pro se* status, leniency is proper.  The absence of an attorney, however, does not entitle Plaintiff to favorable consideration, *Copper State Bank v. Saggio,* 139 Ariz. 438, 442, 679 P.2d 84, 88 (App. 1984), and – in any event – the matters which Plaintiff seeks to present would not, in the Court's opinion, change the outcome of the decision in this case.  *Cf.*  Ariz. R. Civ. P. 56(f).  The Court will not grant a stay under these circumstances.

**C.  Conclusion**

Accordingly, and upon careful consideration,

**IT IS ORDERED GRANTING** the Arizona Democratic Party's Motion to Dismiss for the reasons stated herein and **DENYING** all relief requested.

**IT IS FURTHER ORDERED DISMISSING** with prejudice Plaintiff's "Ballot Challenge Pursuant to A.R.S. § 16-351(B) and Article II Section 1 Clause 5 of the United States Constitution and Rule 8."

Mary Dimond
Judicial Administrative Assistant

**R U L I N G**

Page 3                    Date:  March 07, 2012                    Case No.:  C-20121317

    **IT IS FURTHER ORDERED DENYING** all other pending motions, including the Arizona Democratic Party's Motion to Strike and Plaintiff's Motion to Stay Proceedings to Gather Important Information for Court's Deliberations.

                                                  /s/

                         HON. RICHARD E. GORDON
                         (ID: eb559920-8b82-4e77-a9ba-e92c395b0297)

cc:    Daniel S. Jurkowitz, Esq.
        Paul F. Eckstein, Esq.
        Kenneth Allen
√med  Case Management Services - Civil
        Clerk of Court - Under Advisement Clerk

                                          Mary Dimond
                                      Judicial Administrative Assistant

# EXHIBIT B

**A**

### IN THE SUPERIOR COURT OF FULTON COUNTY
### STATE OF GEORGIA

| | | |
|---|---|---|
| DAVID FARRAR, LEAH LAX, CODY ROBERT JUDY, LAURIE ROTH, | * * * * | |
| Petitioners, | * * | |
| v. | * * | CIVIL ACTION |
| | * | FILE NO. 2012CV211398 |
| BARACK OBAMA and SECRETARY OF STATE, | * * * | |
| Respondents. | * * * | |

**COPY**

FILED IN OFFICE

MAR 2 2012

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

| | | |
|---|---|---|
| CARL SWENSSON, | * * * | |
| Petitioner, | * * | |
| v. | * | CIVIL ACTION |
| | * | FILE NO. 2012CV211527 |
| BARACK OBAMA, | * * | |
| Respondent. | * * * | |

| | | |
|---|---|---|
| KEVIN RICHARD POWELL, | * * | |
| Petitioner, | * * | |
| v. | * | CIVIL ACTION |
| | * | FILE NO. 2012CV211528 |
| BARACK OBAMA, | * * | |
| Respondent. | * * * | |

*Farrar, et al. v. Obama, et al*: Civil Action No. 2012CV211398
*Swensson v. Obama*: Civil Action No. 2012CV211527
*Powell v. Obama*: Civil Action No. 2012CV211528
*Welden v. Obama*: Civil Action No. 2012CV211537
ORDER GRANTING MOTION(S) TO DISMISS                              Page 1

DAVID P. WELDEN,                    *
                                    *
        Petitioner,                 *
                                    *
v.                                  *        CIVIL ACTION
                                    *        FILE NO. 2012CV211537
BARACK OBAMA,                       *
                                    *
        Respondent.                 *
                                    *

## ORDER GRANTING RESPONDENT BARACK OBAMA'S MOTION(S) TO DISMISS

The above-captioned actions are before the Court on the Petition(s) for Judicial Review of Petitioners David Farrar, *et al.*, Carl Swensson, Kevin Richard Powell, and David P. Welden, which were filed in this Court on February 13, 2012 and February 15, 2012, respectively. Although initially assigned to four (4) different Superior Court Judges, the matters were transferred to the Honorable Chief Judge Cynthia D. Wright, to whom the first-filed case was assigned (*Farrar, et al. v. Obama, et al.*, Civil Action File No. 2012CV211398), because each is an appeal of the same decision issued on February 3, 2012 by Administrative Law Judge Michael M. Malihi in the Office of State Administrative Hearings and thereafter adopted by the Secretary of State.

Presently before the Court is the Motion to Dismiss of Respondent Barack Obama, filed in each of the above-referenced actions on February 27, 2012. The Motion(s) to Dismiss are identical in form and substance and will, therefore, be addressed by the Court in one consolidated Order to be applied in each case. Now, having considered the Motion(s) to Dismiss, the other pleadings of record, and applicable Georgia law, the Court finds as follows:

Petitioners filed their Appeal/Petition for Judicial Review of the Secretary of State's decision in this Court pursuant to O.C.G.A. § 21-2-5(e), which provides as follows:

The elector filing the challenge or the candidate challenged shall have the right to appeal the decision of the Secretary of State by filing a petition in the Superior Court of Fulton County within ten days after the entry of the final decision by the Secretary of State. The filing of the petition shall not itself stay the decision of the Secretary of State; however, the reviewing court may order a stay upon appropriate terms for good cause shown. As soon as possible after service of the petition, the Secretary of State shall transmit the original or a certified copy of the entire record of the proceedings under review to the reviewing court. The review shall be conducted by the court without a jury and shall be confined to the record.

Petitioners allege that Respondent Barack Obama is not a "natural born citizen"[1] and, thus, is not qualified for candidacy in Georgia's 2012 Presidential Primary. Despite its application in the court below, this Court does not believe that O.C.G.A. § 21-2-5 applies in this case because the challenge at issue involves the Presidential Preference Primary, which by its terms, is an opportunity for electors "to express their preference for one person to be a candidate for nomination." O.C.G.A. § 21-2-191. The Presidential Preference Primary apportions delegates, but neither elects nor nominates candidates for the Presidency. Therefore, because Respondent Barack Obama is not yet a "candidate" for the Presidential election in question and because the Presidential Preference Primary is not an "election" within the meaning of O.C.G.A. § 21-2-1, *et seq.*, O.C.G.A. § 21-2-5 does not apply. *See* O.C.G.A. § 21-2-2(5) and 21-2-5.

Moreover, it is well established in Georgia as elsewhere in the United States that voters vote on "presidential electors," rather than voting directly for a candidate, when voting for the Office of President of the United States. O.C.G.A. § 21-2-172. The political parties' candidates for President are determined by convention of the political party. *See* O.C.G.A. §§ 21-2-191 to

---

[1] Petitioners claim is based, in part, on a contention that at the time of his birth, Respondent's father was not a citizen of the United States.

*Farrar, et al. v. Obama, et al*: Civil Action No. 2012CV211398
*Swensson v. Obama*: Civil Action No. 2012CV211527
*Powell v. Obama*: Civil Action No. 2012CV211528
*Welden v. Obama*: Civil Action No. 2012CV211537
ORDER GRANTING MOTION(S) TO DISMISS                                    Page 3

21-2-200. In the case of a democratic candidate for President, the Democratic Party of Georgia has the sole discretion to determine the qualifications of potential candidates and the name(s) to be included on its Presidential Preference Primary ballot. O.C.G.A. § 21-2-193; *see* Duke v. Cleland, 954 F.2d 1523 (11th Cir. 1992); Duke v. Cleland, 884 F. Supp. 511, 515-16 (N.D. Ga. 1995).

The Secretary of State is prohibited by the Fourteenth Amendment of the United States Constitution and Georgia statutory law from infringing on the associational rights of the Democratic Party of Georgia and is limited in its authority to examining presidential electors. O.C.G.A. §§ 21-2-172 to 21-2-200; Duke v. Cleland, 884 F. Supp. at 515-16 (N.D. Ga. 1995). Even if the Secretary of State believes that a challenger's claims are valid, the Secretary of State may not interfere with a political party's internal decision-making. Id.

Based upon Georgia law and governing precedent, the Court finds it has no authority to exercise jurisdiction over the Democratic Party of Georgia's selection of the names(s) to be included in the Presidential Preference Primary or to examine the qualifications of those individuals. Therefore, these actions should be DISMISSED in accordance with O.C.G.A. § 9-11-12(b).

Additionally, even if the Court had determined that O.C.G.A. § 21-2-5 applied to these matters and provided the Court with appellate jurisdiction over same, the Court finds that Petitioners have failed entirely to perfect personal service upon Respondent(s) as required by O.C.G.A. § 21-2-5(e) and O.C.G.A § 9-11-4. *See* Bible v. Bible, 259 Ga. 418, 418 (1989).

Therefore, IT IS HEREBY ORDERED AND ADJUDGED that Respondent Barack Obama's Motion(s) to Dismiss in the above matters are GRANTED, and the above actions are hereby DISMISSED.

---

**SO ORDERED** this the 2nd day of March, 2012.

**CYNTHIA D. WRIGHT**, Chief Judge
Fulton County Superior Court
Atlanta Judicial Circuit

**Copies to:**

**Via Email and U.S. Mail:**
David Farrar, *Pro Se*
2059 Cavesprong Road
Cedartown, Georgia 30125
david.is.farrar@gmail.com

Cody Robert Judy, *Pro Se*
3031 Ogden Avenue, Suite #2
Ogden, Utah 84403
codyjudy@hotmail.com

J. Mark Hatfield, Esq.
Hatfield & Hatfield, P.C.
201 Albany Avenue
P.O. Box 1361
Waycross, Georgia 31502
mhatfield@wayxcable.com

Van R. Irion, Esq.
Liberty Legal Foundation
9040 Executive Park Drive, Suite 200
Knoxville, TN 37923
van@libertylegalfoundation.org

Michael K. Jablonski, Esq.
2221-D Peachtree Road, NE
Atlanta, Georgia 30309
michael.jablonski@comcast.net

---

Cam-Anh Le, Esq.
Vincent Robert Russo, Jr., Esq.
Office of the Georgia Secretary of State
Executive Office
214 State Capitol
Atlanta, Georgia 30334
cale@sos.ga.gov
vrusso@sos.ga.gov


David P. Welden, *Pro Se*
5530 Wright Road
Powder Springs, Georgia 30127
dpwelden@gmail.com

# EXHIBIT C

**Jackson v. Obama**
**12 SOEB GP 104**

**Candidate:** Barack Obama

**Office:** President

**Party:** Democrat

**Objector:** Michael Jackson

**Attorney For Objector:** Michael Kreloff/Mike Kasper

**Attorney For Candidate:** Pro se

**Number of Signatures Required:**

**Number of Signatures Submitted:**

**Number of Signatures Objected to:**

**Basis of Objection:** The Candidate's nomination papers are insufficient because they fail to demonstrate or otherwise offer proof of whether the candidate meets the constitutional requirements for office because the Candidate's nomination papers do not include proof of United States' citizenship.

**Dispositive Motions:** Candidate's Motion to Strike and Dismiss the Objector's Petition, Objector's Opposition to Candidate's Motion to Strike and Dismiss the Objector's Petition

**Binder Check Necessary:** No

**Hearing Officer:** Jim Tenuto

**Hearing Officer Findings and Recommendation:** The Candidate filed a Motion to Strike and Dismiss the Objector's Petition on the basis that the Objector failed to comply with Section 10-8 because he did not state his "Objector's Interest" in filing the objection and that the petition is based upon an incorrect legal interpretation of what constitutes a "Natural Born Citizen."

Rule 9 of the Board's Adopted Rules of Procedure provides that the Board is to decide all dispositive motions upon receipt of the recommendation of a Hearing Officer and/or General Counsel.

The Hearing Officer assumed, for the sake of argument, that the Objector has adequately stated his interest. A copy of the Candidate's birth certificate is attached to the Candidate's Motion to Strike and Dismiss the Objector's Petition. The Hearing Officer finds that the birth certificate clearly establishes the Candidate's eligibility for office as a "Natural Born Citizen."

For the reasons set forth above, the Hearing Officer recommends that the Candidate's Motion to Strike and Dismiss the Objector's Petition be granted and the name Barack Obama be certified to appear on the ballot as Democratic candidate for President of the United States for the March 20, 2012 General Primary Election.

**Recommendation of the General Counsel:** I concur with the recommendation of the Hearing Officer.

BEFORE THE DULY CONSTITUTED

ELECTORAL BOARD FOR THE HEARING

AND PASSING UPON OBJECTIONS FOR THE

OFFICE OF THE PRESIDENT OF THE UNITED STATES


Michael Jackson  (objector)                    {

       VS                                              {     12 SOEB GP 104

Barack Obama  (candidate)                     {


## RECOMMENDATION OF THE HEARING EXAMINER


1. The Candidate timely filed nominating petitions for the March 20, 2012 General Primary Election as Candidate for President of the United States Democratic primary.

2. The Objector timely filed an objection to the Candidate's nominating petitions.

3. The above-referenced objection was called by the State Officers Electoral Board on January 24, 2012.

4. Michael Jackson filed a Pro se Appearance as Objector.

5. Michael Kreloff and Michael Kasper filed Appearances on behalf of the Candidate.

6. A case management conference was held on January 24, 2012, immediately following the calling of cases and filing of Appearances.

7. The Candidate's attorneys timely filed <u>Candidate's Motion to Strike and Dismiss Objector's Petition</u>. The basis of the motion is as follows:
   A. Objector failed to comply with Section 10-8, Never stating "Objector's Interest" in filing the objection, nor any appropriate relief within the power of the Electoral Board.

   B. Objector's Petition is Based upon an Incorrect Legal Interpretation of What Constitutes a
   "Natural Born Citizen"

8. The Objector did not file any motions against the Candidate by the January 25, 2012, 5:00pm deadline.

9. The Objector did not file a Response to the <u>Candidate's Motion to Strike and Dismiss Objector's Petition.</u>

10. The Objector timely filed <u>Objector's Opposition to Candidate's Motion to Strike and Dismiss Objector's Petition.</u> Said pleading is illogical, nonsensical and not worthy of consideration.

<u>MOTION TO DISMISS</u>

1. The Rules of Procedure, # 7, provides the Board is to decide all dispositive motions upon receipt of the recommendation of a Hearing Examiner and/or General Counsel.

2. A copy of the Candidate's birth certificate is attached to the Candidate's Motion as Exhibit A. Said Exhibit A is attached to this Recommendation.

3. It is argued that the Objector does not adequately state his interest in filing the objection. It will be assumed, for the sake of argument, that the Objector has adequately stated his interest.

4. The birth certificate attached as Exhibit A clearly establishes the Candidate's eligibility for office as a " Natural Born Citizen"

<u>RECOMMENDATION</u>

For the reasons set forth above, it is the Recommendation of the Hearing Examiner the <u>Candidate's Motion to Strike and Dismiss Objector's Petition</u> be granted.

Respectfully Submitted,

James Tenuto

Hearing Examiner

Date: January 27, 2012

CERTIFICATE OF SERVICE

I, James Tenuto, Hearing Examiner, do hereby certify that I served a copy of the <u>Recommendation of the Hearing Examiner</u> to the following on January 27, 2012 by the method set forth following the names:

Michael Kreloff and                              Email to: Capitolaction@ Yahoo.com

Michael Kasper

Michael Jackson                                   Email to: JesusChristsBloodSaves@ Gmail.com

Respectfully Submitted,

*James Tenuto*

James Tenuto

Hearing Examiner