1  Paul F. Eckstein, Bar No. 001822
   *PEckstein@perkinscoie.com*
2  D. Andrew Gaona, Bar No. 028414
   *AGaona@perkinscoie.com*
3  **PERKINS COIE** LLP
   2901 N. Central Avenue, Suite 2000
4  Phoenix, AZ 85012-2788
   Telephone: 602.351.8000
5  Facsimile: 602.648.7000
   *docketPHX@perkinscoie.com*
6
   Attorneys for Defendants Democratic National
7  Committee and Debbie Wasserman Schultz

8                    UNITED STATES DISTRICT COURT

9                         DISTRICT OF ARIZONA

10

11 Liberty Legal Foundation; John Dummett;        No. 2:11-cv-02089
   Leonard Volodarsky; Greg Maroney,
12                                                 **REPLY IN SUPPORT OF**
                     Plaintiffs,                   **MOTION TO DISMISS**
13
        v.                                         (Oral Argument Requested)
14
   National Democratic Party of the USA, Inc.;    (Assigned to the Hon. Susan Bolton)
15 Democratic National Committee; and Debbie
   Wasserman Schultz,
16
                     Defendants.
17

18

19       Defendants Democratic National Committee and Debbie Wasserman Schultz (the

20 "DNC Defendants"), by and through undersigned counsel, hereby reply in support of their

21 Motion to Dismiss. This Reply is supported by the accompanying Memorandum of Points

22 and Authorities, which is incorporated herein by reference.

23                **MEMORANDUM OF POINTS AND AUTHORITIES**

24       Despite Plaintiffs' best efforts to confuse the issues and conceal their true motives,

25 their "Opposition to Defendants' Motion to Dismiss" fails to cure the pervasive

26 procedural and substantive defects in their Second Amended Complaint ("SAC"). For the

27 sake of judicial economy, the DNC Defendants will not engage in a point-by-point

28 refutation of the arguments contained in Plaintiffs' Opposition, and are content to rest

1   largely on the arguments set forth in their Motion to Dismiss. They do, however, wish to

2   briefly discuss a few points.

3        *First*, it is telling that Plaintiffs' Opposition does not attempt to justify the naming

4   of the "National Democratic Party of the USA, Inc." as a defendant in this matter, or their

5   attempted default of that sham organization. [*See* Doc. No. 24 at 2, n.1] The SAC, and all

6   preceding and subsequent filings by Plaintiffs, should be viewed in light of this

7   inexcusable attempt to perpetrate a fraud on the Court.

8        *Second*, Plaintiffs' Opposition fails to establish that this dispute is ripe for

9   adjudication. Though acknowledging that *Robinson v. Bowen*, 567 F. Supp. 2d 1144,

10  1147 (N.D. Cal. 2008) holds that judicial review of the qualifications of a presidential

11  candidate "should occur only after the electoral and Congressional processes have run

12  their course," Plaintiffs contend that in *Drake v. Obama*, 664 F.3d 774 (9th Cir. 2011), the

13  Ninth Circuit overruled that case and "held that such claims would be justiciable before an

14  election, but moot after an election has been held." [Doc. No. 26 at 12-13]

15       This statement is a gross mischaracterization of the holding in *Drake*, which ***did***

16  ***not*** hold that a challenge to a presidential candidate's qualifications would be ripe prior to

17  an election. Instead, it held that certain independent presidential candidates did not have

18  standing to challenge President Obama's qualifications because, among other things, their

19  complaint was filed ***after the President had already been sworn in***. 664 F.3d at 783-84.

20  As a result, *Robinson* is good law, and strongly suggests that the Court lacks subject

21  matter jurisdiction over the legal question at the heart of the SAC. This result is not at all

22  affected by the statement of a judge in the Western District of Kentucky's that the "legal

23  dispute over the Constitution's definition of 'natural born citizen' and the Supreme

24  Court's decision in *Minor* [*v. Happersett*] . . . is substantial." [Doc. No. 26, Ex. 1 at 8]

25  No matter how "substantial" the legal question may be, it is one "committed under the

26  Constitution to the electors and the legislative branch, at least in the first instance."

27  *Robinson*, 567 F. Supp. 2d at 1147.

28

1        *Third,* Plaintiffs' Opposition does not dispute that the SAC fails to allege that the

2    DNC Defendants have ***any*** contacts with the State of Arizona, to say nothing of the

3    "minimum contacts" that are required by fundamental principles of due process.   At best,

4    Plaintiffs' allegations support the conclusion that the DNC Defendants may, at some

5    indeterminate point in the future, purposefully avail themselves of the privileges of

6    conducting certain activities in Arizona.   But the Due Process Clause does not permit such

7    speculation, and as a result, the Court lacks personal jurisdiction over the Defendants in

8    this case.

9        *Finally*, Plaintiffs' attempts to distinguish the claims made in the SAC from those

10   made in the panoply of federal court, state court, and state administrative decisions that

11   have rejected similar claims that President Obama is not a "natural born citizen" of the

12   United States ring hollow.   At its heart, and despite the fact that it asserts causes of action

13   sounding in tort against non-governmental defendants, the SAC centers on the purely

14   legal question of whether President Obama – indisputably born in the United States to a

15   mother who was a citizen of the United States and a father who was not – is a "natural

16   born citizen" and thus eligible to serve as President of the United States.   Plaintiffs do not

17   (and cannot) dispute that ***each and every*** court or administrative agency to examine this

18   precise question has determined that he is,[1] nor have they advanced any reasonable

19   argument that this Court should be the first to hold otherwise.

20   _____

21      [1]    The DNC Defendants direct the Court to the authorities cited in its Motion to
Dismiss [Doc. No. 24 at 12 & n.8], and bring to the Court's attention additional

22   authorities standing for the same proposition. *See Tisdale v. Obama,* No. 3:12-cv-00036-
JAG (E.D. Va. Jan. 23, 2012) (order dismissing complaint) (dismissing *in forma pauperis*

23   complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and holding that "[i]t is well settled
that those born in the United States are considered natural born citizens" and that

24   plaintiff's contentions otherwise are "without merit"), *appeal pending*, No. 12-1124 (4th

25   Cir., filed Jan. 30, 2012); *Galasso v. Obama*, No. STE 04534-12 (N.J. Office of Admin.
Law Feb. 10, 2012) (initial decision rejecting challenge to Obama's 2012 nominating

26   position and finding that, assuming Obama was born in Hawaii, he is a "natural born

27   citizen" eligible for the presidency per *Ankeny* and *Wong Kim Ark*) ), *decision adopted as
final* (N.J. Sec'y of State Apr. 12, 2012).  Copies of the *Tisdale* and *Galasso* decisions are

28   attached hereto as Exhibits D and E.

| | |
|---|---|
| 1 | Plaintiffs' continued reliance on an interpretation of *Minor v. Happersett*, 88 U.S. |
| 2 | 162 (1874) that ignores the explicit limitations of that case is simply confounding.  [*See* |
| 3 | Doc. No. 24 at 13 & n. 9]  But equally disturbing is their unequivocal dismissal of the |
| 4 | suggestion that *United States v. Wong Kim Ark*, 169 U.S. 649, 702 (1898), which held that |
| 5 | "[e]very person born in the United States, and subject to the jurisdiction thereof, becomes |
| 6 | at once a citizen," is instructive.   As the Indiana Court of Appeals explained in its |
| 7 | thorough and well-reasoned examination of the meaning of the "natural born citizen" |
| 8 | requirement of Article II, Section 1, Clause 4 of the United States Constitution: |

> Based upon the language of Article II, Section 1, Clause 4 and the guidance provided by *Wong Kim Ark*, we conclude that persons born within the borders of the United States are "natural born Citizens" for Article II, Section 1 purposes, regardless of the citizenship of their parents.  Just as a person "born within the British dominions [was] a natural-born British subject" at the time of the framing of the U.S. Constitution, so too were those "born in the allegiance of the United States [ ] natural-born citizens."

*Ankeny v. Governor of the State of Indiana*, 916 N.E.2d 678, 688 (Ind. Ct. App. 2008). Accordingly, the question explicitly left open in *Minor* was in effect resolved by *Wong Kim Ark*, as the very essence of a "natural born citizen" (as distinguished from a naturalized citizen) is that s/he becomes a citizen "at once" upon birth.[2]  As a result, Plaintiffs' suggestions to the contrary should be rejected.

**Conclusion**

Based on the foregoing, the DNC Defendants respectfully request that Court grant their Motion to Dismiss with prejudice, and put an end to Plaintiffs' attempt to abuse the judicial process in furtherance of their misguided political agenda.

---

[2]    Indeed, in the Supreme Court's discussion of the English common law at the time of the adoption of the United States Constitution – which was the law in force in the English colonies "and in the United States afterwards" – it observed that "every child born in England of alien parents was a ***natural-born subject*** unless the child of an ambassador or other diplomatic agent of a foreign state, or of an alien enemy in hostile occupation of the place where the child was born." *Wong Kim Ark*, 169 U.S. at 658 (emphasis added).

1

2
Dated:  May 9, 2012

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PERKINS COIE** LLP

By:   *s/ Paul F. Eckstein*
Paul F. Eckstein, Bar No. 001822
*PEckstein@perkinscoie.com*
D. Andrew Gaona, Bar No. 028414
*AGaona@perkinscoie.com*
2901 N. Central Avenue, Suite 2000
Phoenix, AZ  85012-2788
Telephone:  602.351.8000
Facsimile:  602.648.7000

Attorneys for Defendants
Democratic National Committee and
Debbie Wasserman Schultz

1

**CERTIFICATE OF SERVICE**

2

3
I hereby certify that on May 9, 2012, I electronically transmitted the attached

documents to the Clerk's Office using the CM/ECF System.

4

5
I hereby certify that on May 9, 2012, the following were served by the U.S. District

Clerk's electronic system:

6

7
Mr. Van Irion (van@libertylegalfoundation.com)

8
I hereby certify that on May 9, 2012, I served the attached document by hand

9
delivery on Judge Susan Bolton, United States District Court of Arizona, 401 West

10
Washington Street, Phoenix, Arizona 85003-2118.

11

12
*s/ Clair H. Wendt*

13

14

15
63920-0001.0010/LEGAL23531400.1

16

17

18

19

20

21

22

23

24

25

26

27

28

NO. 2:11-CV-02089