1    Paul F. Eckstein, Bar No. 001822
      *PEckstein@perkinscoie.com*
2    D. Andrew Gaona, Bar No. 028414
      *AGaona@perkinscoie.com*
3    **PERKINS COIE LLP**
      2901 N. Central Avenue, Suite 2000
4    Phoenix, AZ  85012-2788
      Telephone: 602.351.8000
5    Facsimile:  602.648.7000
      *docketPHX@perkinscoie.com*
6

7    Attorneys for Defendants Democratic National
      Committee and Debbie Wasserman Schultz

8

                UNITED STATES DISTRICT COURT

9

                  DISTRICT OF ARIZONA

10

11    Liberty Legal Foundation; John Dummett;      No. 2:11-cv-02089
      Leonard Volodarsky; Greg Maroney,
12
               Plaintiffs,             **MOTION FOR SANCTIONS**
13
         v.                         (Oral Argument Requested)
14
      National Democratic Party of the USA,
15    Inc.; Democratic National Committee; and
      Debbie Wasserman Schultz,           (Assigned to the Hon. Susan Bolton)
16
               Defendants.
17

18

19         Pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927,

20    Defendants Democratic National Committee and Debbie Wasserman Schultz (the "DNC

21    Defendants") move that the Court impose sanctions against Van Irion, counsel for

22    Plaintiffs in this matter, because (1) the legal theory that colors Plaintiffs' claims is

23    unwarranted and has been rejected by each and every court and administrative body to

24    consider it, and (2) Plaintiffs' Second Amended Complaint names as a defendant a sham

25    organization with no affiliation with the DNC or Democratic Party.  Specifically, the

26    DNC Defendants request an order directing Mr. Irion to pay all of their reasonable

27    attorneys' fees and expenses incurred in seeking the dismissal of this frivolous and

28

harassing lawsuit.    This Motion is supported by the accompanying Memorandum of Points and Authorities, which is incorporated herein by reference.

## MEMORANDUM OF POINTS AND AUTHORITIES

### Background[1]

On October 25, 2011, Plaintiffs Liberty Legal Foundation, John Dummett, Leonard Volodarsky, and Creg Maroney filed a Class Action Complaint for Declaratory and Injunctive Relief, naming only the National Democratic Party of the USA, Inc. and Congresswoman Wasserman Schultz as defendants. [Doc. No. 1]  Plaintiffs purported to serve only the National Democratic Party of the USA, Inc. by certified mail.  [Doc. No. 12]  On December 4, 2011, prior to any party filing an answer or otherwise appearing in the action, Plaintiffs filed a First Amended Class Action Complaint against the same parties, along with a request for a preliminary injunction. [Doc. Nos. 8-9]  On January 23, 2012, without the consent of the parties or leave of court as required by Federal Rule of Civil Procedure 15(a)(2), Plaintiffs filed a Second Amended Class Action Complaint ("SAC") which added the DNC as an additional defendant. [Doc. No. 10]  That same day, Plaintiffs also filed a Motion and Memorandum seeking the entry of a default judgment against Defendant National Democratic Party of the USA, Inc.  [Doc. No. 12]

On February 29, 2012, the Court ordered that Plaintiffs' counsel show cause as to why service on the National Democratic Party of the USA, Inc. by certified mail was proper under the Federal Rules of Civil Procedure.  [Doc. No. 14]  Plaintiffs' counsel responded citing Rule 4(e)(1) of the Federal Rules of Civil Procedure and Rule 4.2 of the Arizona Rules of Civil Procedure. [Doc. No. 15]  On March 23, 2012, the Court held that service on the National Democratic Party of the USA, Inc. was improper, and ordered that the case be dismissed unless proper service was carried out within thirty days. [Doc. No. 17]

---

[1]    The Background section of this Motion is nearly identical to the Statement of the Case presented in the DNC Defendants' Motion to Dismiss [Doc. No. 24]

1    Additionally, on March 22, 2012, the Court entered an order finding that
2    Congresswoman Wasserman Schultz had not yet been served, and ordered Plaintiffs to
3    show cause for its failure to do so. [Doc. No. 16]  On March 26, 2012, Plaintiffs filed a
4    Motion and Memorandum seeking the entry of a default judgment against
5    Congresswoman Wasserman Schultz [Doc. No. 19], along with a response to the Court's
6    March 22 Order to Show Cause and alleged proof of service [Doc. No. 20].  On March 28,
7    2012, the Court entered an additional order denying Plaintiffs' request for entry of a
8    default judgment against Congresswoman Wasserman Schultz because the proof of
9    service provided by Plaintiffs "fail[ed] to include a signed receipt." [Doc. No. 21]

10    While taking all of these steps in the District of Arizona, the same Plaintiffs
11    instituted parallel proceedings in Tennessee.  Indeed, just one day after filing the initial
12    Class Action Complaint in the instant case, Plaintiffs filed a nearly identical complaint in
13    Shelby County Chancery Court. *Liberty Legal Found. v. Nat'l Democratic Party of the*
14    *USA, Inc.*, No. CH-11-1757 (Tenn. Ch. Ct. Shelby Cnty).  Three days prior to the filing of
15    the First Amended Class Action Complaint with this Court, Plaintiffs apparently filed a
16    nearly identical document in Shelby County Chancery Court.  The Tennessee case was
17    removed to the Western District of Tennessee on February 23, 2012.  *Liberty Legal*
18    *Found. v. Nat'l Democratic Party of the USA, Inc.*, No. 2:12-cv-02143-STA-cgc (W.D.
19    Tenn.).  Currently before the Tennessee district court are three fully-briefed motions to
20    dismiss filed by the defendants. *See id.* at Doc. Nos. 4-9.

21    On April 16, 2012, the DNC Defendants served a draft copy of this Motion for
22    Sanctions on Mr. Irion as required by Rule 11(c)(2). [*See* Letter to Van Irion, attached
23    hereto as Exhibit A]  On May 7, 2012, Mr. Irion responded, and did not address the
24    contention that the SAC had no factual or legal basis.  [*See* Email from Van Irion,
25    attached hereto as Exhibit B]  Instead, his response focused only on the steps he allegedly
26    took prior to naming the "National Democratic Party of the USA, Inc." as a defendant in
27    this case, but, among other things, did not explain how this sham Tennessee organization
28    relates to the present case in Arizona. [*Id.*]  Mr. Irion's subsequent failure to respond to a

clarifying email from undersigned counsel [*see* Email from Paul Eckstein, attached hereto as Exhibit C] evidences his refusal to voluntarily withdraw the SAC and dismiss this action with prejudice, and thus compels the filing of this Motion.

### Argument

Years ago, Justice Cardozo provided us with perhaps the most poignant description of the duty imposed on all lawyers:

> Membership in the bar is a privilege burdened with conditions. [A lawyer is] received into that ancient fellowship for something more than private gain. He [becomes] an officer of the court, and, like the court itself, an instrument or agency to advance the ends of justice.

*People ex rel. Karlin v. Culkin*, 162 N.E. 487, 489 (N.Y. 1928) (Cardozo, C.J.) (citation and internal quotation marks omitted). The frivolous claims advanced by Mr. Irion in this case demonstrate just how far we have strayed from this noble goal. Simply put, "advanc[ing] the ends of justice" does not include using the courts to make claims that are flatly untrue in furtherance of a political agenda. *See Rhodes v. MacDonald*, 670 F. Supp. 2d 1363, 1365 (M.D. Ga. 2009) ("When a lawyer uses the courts as a platform for political a agenda disconnected from any legitimate legal cause of action, that lawyer abuses [his] privilege to practice law."), *aff'd*, 2010 WL 892848 (11th Cir. Mar. 15, 2010).

By signing and filing the SAC in this case (in violation of Fed. R. Civ. P. 15(a)(2)),[2] Mr. Irion certified to this Court that the allegations contained therein were "not being presented for any improper purpose," and that its "claims . . . and other legal contentions [were] warranted by existing law." Fed. R. Civ. P. 11(b)(1), (b)(2). But those certifications were hollow promises; instead, Mr. Irion (1) presented this court with claims that have no legal or factual basis, and (2) perhaps more disturbingly, attempted to perpetrate a fraud on this court by naming a sham organization as a defendant. As a result, sanctions under Rule 11 and 28 U.S.C. § 1927 are appropriate and should be

---

[2] Rule 15(a)(2) requires consent of the parties or leave of court for any amended complaint beyond the first amended complaint.

1   imposed to deter future frivolous filings from Mr. Irion, and to send a message to those

2   with whom he is allied that the federal courts will not tolerate their continued abuse of the

3   judicial process.

4   **I.       THE COURT SHOULD IMPOSE SANCTIONS AGAINST MR. IRION**

5
6       Rule 11 of the Federal Rules of Civil Procedure holds that by presenting any paper

    to the court, an attorney certifies that, among other things, "to the best of [his] knowledge,
7
    information, and belief, formed after an inquiry reasonable under the circumstances:
8
9           (1) it is not being presented for any improper purpose, such as to harass,
            cause unnecessary delay, or needlessly increase the cost of litigation; [and]
10
            (2) the claims, defenses, and other legal contentions are warranted by
11          existing law or by a nonfrivolous argument for extending, modifying, or
            reversing existing law or for establishing new law[.]"
12
13  Fed. R. Civ. P. 11(b)(1), (b)(2).   The rule's central purpose "is to deter baseless filings in

14  district court and thus . . . streamline the administration and procedure of the federal

15  courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).   To that end, it

16  "authorizes a district court to impose sanctions on attorneys . . . who bring frivolous

17  lawsuits in bad faith and for ulterior purposes." *Metabolic Research, Inc. v. Ferrell*, 668

18  F.3d 1100, 1107 n.7 (9th Cir. 2012).   To determine whether a filing is made for an

19  improper purpose or is frivolous, the court must apply an objective standard of

20  reasonableness. *G.C. and K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th Cir. 2003).

21      Plaintiffs' SAC is founded on a frivolous legal theory that has been rejected by

22  every court and administrative tribunal that has been forced to consider it.   With full

23  knowledge of the ***wholesale rejection*** of the conspiracy theory that President Barack

24  Obama is not qualified to serve as President of the United States, Mr. Irion nonetheless

25  signed and filed that paper with the Court.   In so doing, he misrepresented as a holding a

26  question that the Supreme Court expressly left open, ignored subsequent Supreme Court

27  precedent on point, failed to recognize the lack of legal support for his allegations, and

28

1    failed to perform a reasonable inquiry into the propriety of naming the "National

2    Democratic Party of the USA, Inc." as a defendant in this action.[3]   Each of these grounds

3    supports the imposition of sanctions against Mr. Irion.

4          **A.     Plaintiffs' Claims Lack of Legal Support.**

5          Most fundamentally, sanctions against Mr. Irion are warranted because Plaintiffs'

6    entire case rests on the ***universally rejected*** idea that President Obama is not qualified to

7    hold office or run for re-election because he is not a "natural born citizen" of the United

8    States as required by Article II of the United States Constitution.   The argument advanced

9    in the SAC (and the two complaints that preceded it) relies entirely on *Minor v.*

10   *Happersett*, 88 U.S. 162, 167 (1874), in which Plaintiffs allege that the United States

11   Supreme Court "defined 'natural-born citizens' as 'all children born in a country of

12   parents who were its citizens.'" [*Id.* ¶ 12]

13         In citing *Minor*, Mr. Irion represents that he has read that decision.   It is thus

14   inexplicable that he fails to acknowledge that *Minor* expressly left open the question of

15   whether a child born to alien parents is a "natural born citizen" because it was not

16   necessary to the disposition of the case. *See Minor*, 88 U.S. at 167-68 (noting that it was

17   not necessary to resolve existing doubts as to whether a child born in the United States,

18   "without reference to the citizenship of their parents," is a "natural-born citizen[]").   Even

19   more confounding is his failure to acknowledge that the question left open in *Minor* was

20   in effect decided just 23 years later. *See United States v. Wong Kim Ark*, 169 U.S. 649,

21   702 (1898) (holding that a person born to non-citizens from China was a citizen of the

22   United States because "[e]very person born in the United States, and subject to the

23   jurisdiction thereof, becomes at once a citizen of the United States").   Indeed, in the

24   Supreme Court's discussion of the English common law at the time of the adoption of the

25   _____

26   [3]      As evidenced by their Motion to Dismiss, the DNC Defendants also believe that
     Mr. Irion failed to perform a reasonable inquiry into the ripeness of this dispute, the
27   Court's subject matter jurisdiction over this dispute, and the Court's personal jurisdiction
     over them.   For the sake of time and economy, this Motion substantively discusses only
28   the two grounds stated above, which constitute the most egregious Rule 11 violations
     committed by Mr. Irion in this case.

1   United States Constitution – which was the law in force in the English colonies "and in

2   the United States afterwards" – it observed that "every child born in England of alien

3   parents was a ***natural-born subject*** unless the child of an ambassador or other diplomatic

4   agent of a foreign state, or of an alien enemy in hostile occupation of the place where the

5   child was born." *Wong Kim Ark*, 169 U.S. at 658 (emphasis added).

6   In light of the Supreme Court's decision more than a century ago in *Wong Kim Ark*,

7   several courts – in reported decisions – have rejected the legal theory that colors

8   Plaintiffs' entire case. *See Hollander v. McCain*, 566 F. Supp. 2d 63, 66 (D.N.H. 2008)

9   ("Those born 'in the United States, and subject to the jurisdiction thereof' have been

10  considered American citizens under American law in effect since the time of the founding

11  and thus eligible for the presidency.") (citations omitted); *Ankeny v. Governor of Indiana*,

12  916 N.E.2d 678, 688 (Ind. Ct. App. 2009) (citing *Wong Kim Ark*, and holding that both

13  President Obama and Senator John McCain were "natural born citizens" because "persons

14  born within the borders of the United States are 'natural born [c]itizens' for Article II,

15  Section 1 purposes, regardless of the citizenship of their parents"). The number of

16  reported decisions pales when compared with the growing number of courts and state

17  administrative bodies that have been forced to confront this well-settled question of law,

18  and in so doing have reached precisely the same result.[4]

19  [4]    *See, e.g., Tisdale v. Obama*, No. 3:12-cv-00036-JAG (E.D. Va. Jan. 23, 2012)
    (order dismissing complaint) (dismissing *in forma pauperis* complaint pursuant to 28
20  U.S.C. § 1915(e)(2)(B)(ii) and holding that "[i]t is well settled that those born in the
    United States are considered natural born citizens" and that plaintiff's contentions
21  otherwise are "without merit"); *Allen v. Ariz. Democratic Party*, No. C20121317 (Ariz.
    Pima Cnty. Super. Ct. Mar. 7, 2012) (dismissing case challenging Obama's eligibility to
22  be on the 2012 ballot; finding that Obama is a "natural born citizen" under *Wong Kim Ark*;
    and expressly rejecting argument that *Minor v. Happersett* holds otherwise), *appeal filed*
23  (Ariz. Ct. App. Mar. 8, 2012); *Galasso v. Obama*, No. STE 04534-12 (N.J. Office of
    Admin. Law Feb. 10, 2012) (initial decision rejecting challenge to Obama's 2012
24  nominating position and finding that, assuming Obama was born in Hawaii, he is a
    "natural born citizen" eligible for the presidency per *Ankeny* and *Wong Kim Ark*) ),
25  *decision adopted as final* (N.J. Sec'y of State Apr. 12, 2012); *Farrar v. Obama*, No.
    OSAH-SECSTATE-CE-1215136-60-MALIHI (Ga. Office of St. Admin. Hrg. Feb. 3,
26  2012) (rejecting challenge to Obama's eligibility to appear on 2012 ballot; finding that
    Obama was born in U.S. and is a "natural born citizen"), decision adopted by Ga. Sec'y
27  State (Feb. 7, 2012), *appeal dismissed, Farrar v. Obama*, No. 2012CV211398 (Ga. Fulton
    Cnty. Super. Ct. Mar. 2, 2012), *recons. denied* (Mar. 14, 2012); *Jackson v. Obama*, 12
28  SOEB GP 104 (Ill. Bd. of Elections Hearing Officer Recommendation Jan. 27, 2012)

1    As a result of the long-standing (and ever-expanding) body of law rejecting

2    Plaintiffs' legal theory, Plaintiffs' claims are frivolous because they are not supported by

3    existing law.  An inquiry by a reasonable attorney would have revealed as much, and as a

4    result, Mr. Irion's failure to conduct such an inquiry (or, alternatively, his choice to ignore

5    the results of that inquiry) warrants the imposition of Rule 11 sanctions.

6    **B.      Plaintiffs Name a Sham Organization as a Defendant.**

7    Aside from the underlying substantive frivolity of Plaintiffs' claims, perhaps the

8    most troubling example of Mr. Irion's sanctionable conduct is his decision to name the

9    "National Democratic Party of the USA, Inc." as a defendant in this case, and to seek the

10   entry of default against that entity.  A reasonable inquiry by Mr. Irion would have

11   revealed that the "National Democratic Party of the USA, Inc." is **_not_** affiliated with the

12   DNC or the Democratic Party in any way, and that it is a sham organization that may be

13   affiliated with the Shelby County (Tennessee) Republican Party.  *See* Tenn. Secretary of

14   State, Business Entity Detail, National Democratic Party of the USA, Inc.,

15   http://tnbear.tn.gov/ECommerce/FilingDetail.aspx?CN=091244127202157024172089179

16   042105022040227133146 (last visited Apr. 10, 2012) (stating that the "Shelby County

17   Republican Party, Inc." is an assumed named of the National Democratic Party of the

18   USA, Inc.).

19   Mr. Irion's litigation strategy – both here and in the Tennessee action – apparently

20   involves naming this sham organization as a defendant and attempting to obtain a default

21   judgment against it either for public relations purposes or as leverage against the

22   remaining defendants.  The conclusion that he does so knowingly is supported by the

23

24   (Obama's birth certificate "clearly establishes" his eligibility for office as a "Natural Born
     Citizen"), *objection overruled* (Ill. State Bd. of Elections Feb. 3, 2012).  Copies of these
     decisions are attached as exhibits to the DNC and Congresswoman Wasserman Schultz's

25   Motion to Dismiss and Reply. [Doc. Nos. 24 & 27]

26   In particular, the DNC Defendants direct the Court's attention to *Farrar*, in which
     Mr. Irion served as counsel for one of the unsuccessful challengers.  As a result, he cannot

27   in good faith claim that he was unaware of the fact that the legal theory he advances here
     has been rejected in any number of previous decisions.

28

NO. 2:11-CV-02089

1  manner in which the Plaintiffs effectuated service in this case, purporting to serve *only* the

2  "National Democratic Party of the USA, Inc." until the Court intervened. [*See* Doc. No.

3  16]

4      Mr. Irion's explanation of his pre-litigation "investigation" into the proper parties

5  to name as defendants does not compel a contrary result. [*See* Exhibit B] Indeed, his

6  explanation fails to explain how a sham Tennessee organization has ***any connection***

7  ***whatsoever*** to the maintenance of the present case in Arizona. [*Id.*][5] But more

8  importantly, the fact that the corporate records that Mr. Irion admits he reviewed list the

9  "Shelby County Republican Party, Inc." as an assumed name of the "National Democratic

10  Party of the USA, Inc." would lead any reasonable attorney to conclude that the

11  organization has no relationship with the DNC or the Democratic Party. The Court should

12  not tolerate such an abuse of the judicial process, and should therefore impose sanctions

13  on Mr. Irion to deter him from utilizing this deceptive strategy in the future.

14  **Conclusion**

15      This case is the latest in a long list of spurious attempts by the "birther movement"

16  to use the courts as a tool in its campaign to force President Obama and those who support

17  him to needlessly respond to frivolous challenges to his well-established status as a

18  "natural born citizen" of the United States. This continuous stream of vexatious litigation

19  must be stopped. The claims advanced by Plaintiffs in this case are unsupported by

20  existing law and were made without reasonable inquiries into any number of substantive

21  and procedural matters. As a result, the DNC Defendants respectfully request that the

22  Court sanction Mr. Irion by ordering him to pay their reasonable attorneys' fees and costs

23  incurred in defending this action, including the cost of preparing this motion, in addition

24  to whatever additional sanctions the Court finds just and reasonable under the

25  circumstances.

26

27  [5] Also telling is Mr. Irion's admission that he searched ***only*** the corporate records available in Tennessee. [*See* Exhibit B] A "reasonable inquiry" into the proper parties to name in a lawsuit against a national political organization must require more than a

28  cursory search of the records of a state that is not the venue for the litigation.

1

Dated:  May 9, 2012

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PERKINS COIE** LLP

By:   *s/ Paul F. Eckstein*
    Paul F. Eckstein, Bar No. 001822
    *PEckstein@perkinscoie.com*
    D. Andrew Gaona, Bar No. 028414
    *AGaona@perkinscoie.com*
    2901 N. Central Avenue, Suite 2000
    Phoenix, AZ  85012-2788
    Telephone:  602.351.8000
    Facsimile:  602.648.7000

Attorneys for Defendants
Democratic National Committee and
Debbie Wasserman Schultz

-10-

NO. 2:11-CV-02089

**CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2012, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System.

I hereby certify that on May 9, 2012, the following were served by the U.S. District Clerk's electronic system:

Mr. Van Irion (van@libertylegalfoundation.com)

I hereby certify that on May 9, 2012, I served the attached document by hand delivery on Judge Susan Bolton, United States District Court of Arizona, 401 West Washington Street, Phoenix, Arizona 85003-2118.



*s/ Clair H. Wendt*

63920-0001.0010/LEGAL23398603.2