**INDEX OF EXHIBITS TO MOTION FOR SANCTIONS**

| | |
|---|---|
| Exhibit A | Email attaching Letter from Paul Eckstein and Draft Motion for Sanctions (April 16, 2012) |
| Exhibit B | Email from Van Irion to Paul Eckstein (May 7, 2012) |
| Exhibit C | Email from Paul Eckstein to Van Irion (May 7, 2012) |

# EXHIBIT A

## Wendt, Clair (Perkins Coie)

| | |
|---|---|
| **From:** | Wendt, Clair (Perkins Coie) |
| **Sent:** | Monday, April 16, 2012 5:34 PM |
| **To:** | 'van@libertylegalfoundation.com' |
| **Cc:** | Eckstein, Paul (Perkins Coie) |
| **Subject:** | Liberty Legal Foundation v. DNC |
| **Attachments:** | 4-16-12 letter to Irion enclosing draft motion for sanctions.pdf |

Dear Mr. Irion,

Attached please find Mr. Eckstein's letter and enclosure. I have mailed the original to you today as well.

Thank you.


**Clair H. Wendt | Perkins Coie LLP**
LEGAL SECRETARY TO PAUL F. ECKSTEIN
2901 N. Central Avenue
Suite 2000
Phoenix, AZ 85012-2788
PHONE: 602.351.8163
FAX: 602.648.7122
E-MAIL: CWendt@perkinscoie.com

 **Please consider the environment before printing this email. Thank you.**

1



Paul F. Eckstein
PHONE: (602) 351-8222
FAX:   (602) 648-7122
EMAIL: PEckstein@perkinscoie.com

2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
PHONE: 602.351.8000
FAX: 602.648.7000
www.perkinscoie.com

April 16, 2012

**VIA ELECTRONIC MAIL AND U.S. MAIL**

Van Irion, Esq.
Liberty Legal Foundation
9040 Executive Park Drive, Suite 200
Knoxville, TN 37923
*van@libertylegalfoundation.org*

Re:   <u>**Draft Motion for Sanctions**</u>
      *Liberty Legal Foundation, et al. v. National Democratic Party of the USA, Inc, et al.,*
      *Case No. 2:11-cv-02089 (D. Ariz.)*

Dear Mr. Irion:

This firm represents the Democratic National Committee and Congresswoman Debbie Wasserman Schultz in the above-entitled action. Pursuant to Rule 11(c)(2) of the Federal Rules of Civil Procedure, please find attached to this letter a draft Motion for Sanctions, which we fully intend to file if you do not withdraw the Second Amended Complaint and/or dismiss this case with prejudice within 21 days.

Please feel free to contact me with comments or questions.

Cordially,

Paul F. Eckstein

PFE/chw
Enclosure

63920-0001.0010/LEGAL23398607.1

1   Paul F. Eckstein, Bar No. 001822
     PEckstein@perkinscoie.com
2   D. Andrew Gaona, Bar No. 028414
     AGaona@perkinscoie.com
3   **PERKINS COIE LLP**
     2901 N. Central Avenue, Suite 2000
4   Phoenix, AZ  85012-2788
     Telephone:  602.351.8000
5   Facsimile:  602.648.7000
     docketPHX@perkinscoie.com

6

7   Attorneys for Defendants Democratic National
     Committee and Debbie Wasserman Schultz

**DRAFT**

8               UNITED STATES DISTRICT COURT

9                 DISTRICT OF ARIZONA

10

11  LIBERTY LEGAL FOUNDATION; JOHN     No. 2:11-cv-02089
    DUMMETT; LEONARD VOLODARSKY;
12  CREG MARONEY,                 **MOTION FOR SANCTIONS**

13           Plaintiffs,        (Oral Argument Requested)

14       v.                  (Assigned to the Hon. Susan Bolton)

15  NATIONAL DEMOCRATIC PARTY OF
    THE USA, INC.; DEMOCRATIC
16  NATIONAL COMMITTEE; AND DEBBIE
    WASSERMAN SCHULTZ,
17
           Defendants.
18

19       Pursuant to Rule 11 of the Federal Rules of Civil Procedure, Defendants

20  Democratic National Committee ("DNC") and Debbie Wasserman Schultz

21  ("Congresswoman Wasserman Schultz") move that the Court impose sanctions against

22  Van Irion, counsel for Plaintiffs in this matter, because (1) the legal theory that colors

23  Plaintiffs' claims is unwarranted and has been rejected by each and every court and

24  administrative body to consider it, and (2) Plaintiffs' Second Amended Complaint names

25  as a defendant a sham organization with no affiliation with the DNC or Democratic Party.

26  Specifically, the DNC and Congresswoman Wasserman Schultz request an order directing

27  Mr. Irion to pay all of their reasonable attorneys' fees and expenses incurred in seeking

28  the dismissal of this frivolous and harassing lawsuit.  This Motion is supported by the

1   accompanying Memorandum of Points and Authorities, which is incorporated herein by

2   reference.

3   **MEMORANDUM OF POINTS AND AUTHORITIES**

4   **Background**[1]

5       On October 25, 2011, Plaintiffs Liberty Legal Foundation, John Dummett, Leonard

6   Volodarsky, and Creg Maroney filed a Class Action Complaint for Declaratory and

7   Injunctive Relief, naming only the National Democratic Party of the USA, Inc. and

8   Congresswoman Wasserman Schultz as defendants. [Doc. No. 1]  Plaintiffs purported to

9   serve only the National Democratic Party of the USA, Inc. by certified mail. [Doc. No.

10  12]  On December 4, 2011, prior to any party filing an answer or otherwise appearing in

11  the action, Plaintiffs filed a First Amended Class Action Complaint against the same

12  parties, along with a request for a preliminary injunction. [Doc. Nos. 8-9] On January 23,

13  2012, without the consent of the parties or leave of court as required by Federal Rule of

14  Civil Procedure 15(a)(2), Plaintiffs filed a Second Amended Class Action Complaint

15  ("SAC") which added the DNC as an additional defendant. [Doc. No. 10] That same day,

16  Plaintiffs also filed a Motion and Memorandum seeking the entry of a default judgment

17  against Defendant National Democratic Party of the USA, Inc. [Doc. No. 12]

18      On February 29, 2012, the Court ordered that Plaintiffs' counsel show cause as to

19  why service on the National Democratic Party of the USA, Inc. by certified mail was

20  proper under the Federal Rules of Civil Procedure.  [Doc. No. 14]  Plaintiffs' counsel

21  responded citing Rule 4(e)(1) of the Federal Rules of Civil Procedure and Rule 4.2 of the

22  Arizona Rules of Civil Procedure. [Doc. No. 15] On March 23, 2012, the Court held that

23  service on the National Democratic Party of the USA, Inc. was improper, and ordered that

24  the case be dismissed unless proper service was carried out within thirty days. [Doc.

25  No. 17]

26  _____

27  [1]   The Background section of this Motion is nearly identical to the Statement of the Case presented in the DNC and Congresswoman Wasserman Schultz's Motion to Dismiss [Doc. No.    ]

28

1    Additionally, on March 22, 2012, the Court entered an order finding that
2    Congresswoman Wasserman Schultz had not yet been served, and ordered Plaintiffs to
3    show cause for its failure to do so. [Doc. No. 16] On March 26, 2012, Plaintiffs filed a
4    Motion and Memorandum seeking the entry of a default judgment against
5    Congresswoman Wasserman Schultz [Doc. No. 19], along with a response to the Court's
6    March 22 Order to Show Cause and alleged proof of service [Doc. No. 20]. On March 28,
7    2012, the Court entered an additional order denying Plaintiffs' request for entry of a
8    default judgment against Congresswoman Wasserman Schultz because the proof of
9    service provided by Plaintiffs "fail[ed] to include a signed receipt." [Doc. No. 21]

10        While taking all of these steps in the District of Arizona, the same Plaintiffs
11   instituted parallel proceedings in Tennessee. Indeed, just one day after filing the initial
12   Class Action Complaint in the instant case, Plaintiffs filed a nearly identical complaint in
13   Shelby County Chancery Court. *Liberty Legal Found. v. Nat'l Democratic Party of the*
14   *USA, Inc.*, No. CH-11-1757 (Tenn. Ch. Ct. Shelby Cnty). Three days prior to the filing of
15   the First Amended Class Action Complaint with this Court, Plaintiffs apparently filed a
16   nearly identical document in Shelby County Chancery Court. The Tennessee case was
17   removed to the Western District of Tennessee on February 23, 2012. *Liberty Legal*
18   *Found. v. Nat'l Democratic Party of the USA, Inc.*, No. 2:12-cv-02143-STA-cgc (W.D.
19   Tenn.). Currently before the Tennessee district court are three separate motions to dismiss
20   filed by the defendants and a motion to remand filed by the plaintiffs. *See id.* at Doc. Nos.
21   4-9, 12.

22        On April ___, 2012, the DNC and Congresswoman Wasserman Schultz served a
23   draft copy of this Motion for Sanctions on Mr. Irion as required by Rule 11(c)(2). Mr.
24   Irion's refusal to voluntarily dismiss this action with prejudice within the 21-day time
25   period permitted by that rule requires the filing of this Motion

26                                    **Argument**

27        Years ago, Justice Cardozo provided us with perhaps the most poignant description
28   of the duty imposed on all lawyers:

                                    -3-                    NO. 2:11-CV-02089

> Membership in the bar is a privilege burdened with conditions. [A lawyer is] received into that ancient fellowship for something more than private gain. He [becomes] an officer of the court, and, like the court itself, an instrument or agency to advance the ends of justice.

*People ex rel. Karlin v. Culkin*, 162 N.E. 487, 489 (N.Y. 1928) (Cardozo, C.J.) (citation and internal quotation marks omitted). The frivolous claims advanced by Mr. Irion in this case demonstrate just how far we have strayed from this noble goal.    Simply put, "advanc[ing] the ends of justice" does not include using the courts to make claims that are flatly untrue in furtherance of a political agenda. *See Rhodes v. MacDonald*, 670 F. Supp. 2d 1363, 1365 (M.D. Ga. 2009) ("When a lawyer uses the courts as a platform for political a agenda disconnected from any legitimate legal cause of action, that lawyer abuses [his] privilege to practice law."), *aff'd*, 2010 WL 892848 (11th Cir. Mar. 15, 2010).

By signing and filing the SAC in this case (in violation of Fed. R. Civ. P. 15(a)(2)),[2] Mr. Irion certified to this Court that the allegations contained therein were "not being presented for any improper purpose," and that its "claims . . . and other legal contentions [were] warranted by existing law." Fed. R. Civ. P. 11(b)(1), (b)(2). But those certifications were hollow promises; instead, Mr. Irion (1) presented this court with claims that have no legal or factual basis, and (2) perhaps more disturbingly, attempted to perpetrate a fraud on this court by naming a sham organization as a defendant.   As a result, sanctions under Rule 11 are appropriate and should be imposed to deter future frivolous filings from Mr. Irion, and to send a message to those with whom he is allied that the federal courts will not tolerate their continued abuse of the judicial process.

---

[2]     Rule 15(a)(2) requires consent of the parties or leave of court for any amended complaint beyond the first amended complaint.

-4-

**I.     THE COURT SHOULD IMPOSE RULE 11 SANCTIONS AGAINST MR. IRION**

Rule 11 of the Federal Rules of Civil Procedure holds that by presenting any paper to the court, an attorney certifies that, among other things, "to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and]

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]"

Fed. R. Civ. P. 11(b)(1), (b)(2).  The rule's central purpose "is to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).  To that end, it "authorizes a district court to impose sanctions on attorneys . . . who bring frivolous lawsuits in bad faith and for ulterior purposes." *Metabolic Research, Inc. v. Ferrell*, 668 F.3d 1100, 1107 n.7 (9th Cir. 2012).  To determine whether a filing is made for an improper purpose or is frivolous, the court must apply an objective standard of reasonableness. *G.C. and K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th Cir. 2003).

Plaintiffs' SAC is founded on a frivolous legal theory that has been rejected by every court and administrative tribunal that has been forced to consider it.  With full knowledge of the *wholesale rejection* of the conspiracy theory that President Barack Obama is not qualified to serve as President of the United States, Mr. Irion nonetheless signed and filed that paper with the Court.  In so doing, he ignored Supreme Court precedent and the lack of legal support for his allegations, and failed to perform a reasonable inquiry into the propriety of naming the "National Democratic Party of the USA, Inc." as a defendant in this action.[3]  Each of these grounds supports the imposition of sanctions against Mr. Irion.

---

[3]     As evidenced by their Motion to Dismiss, the DNC and Congresswoman

### A.   Plaintiffs' Claims Lack of Legal Support.

Most fundamentally, sanctions against Mr. Irion are warranted because Plaintiffs' entire case rests on the universally rejected idea that President Obama is not qualified to hold office or run for re-election because he is not a "natural born citizen" of the United States as required by Article II of the United States Constitution.  The argument advanced in the SAC (and the two complaints that preceded it) relies entirely on *Minor v. Happersett*, 88 U.S. 162, 167 (1874), in which Plaintiffs allege that the United States Supreme Court "defined 'natural-born citizens' as 'all children born in a country of parents who were its citizens.'"  [*Id.* ¶ 12]

In citing *Minor*, Mr. Irion represents that he has read that decision.  It is thus inexplicable that he fails to acknowledge that *Minor* expressly left open the question of whether a child born to alien parents is a "natural born citizen" because it was not necessary to the disposition of the case.  *See Minor*, 88 U.S. at 167-68 (noting that it was not necessary to resolve existing doubts as to whether a child born in the United States, "without reference to the citizenship of their parents," is a "natural-born citizen[]").  Even more confounding is his failure to acknowledge that the question left open in *Minor* was in effect decided just 23 years later.  *See United States v. Wong Kim Ark*, 169 U.S. 649, 702 (1898) (holding that a person born to non-citizens from China was a citizen of the United States because "[e]very person born in the United States, and subject to the jurisdiction thereof, becomes at once a citizen of the United States").

In light of the Supreme Court's decision more than a century ago in *Wong Kim Ark*, several courts – in reported decisions – have rejected the legal theory that colors Plaintiffs' entire case.  *See Hollander v. McCain*, 566 F. Supp. 2d 63, 66 (D.N.H. 2008) ("Those born 'in the United States, and subject to the jurisdiction thereof' have been considered American citizens under American law in effect since the time of the founding

Wasserman Schultz also believe that Mr. Irion failed to perform a reasonable inquiry into the ripeness of this dispute, the Court's subject matter jurisdiction over this dispute, and the Court's personal jurisdiction over them.  For the sake of time and economy, this Motion substantively discusses only the two grounds stated above, which constitute the most egregious Rule 11 violations committed by Mr. Irion in this case.

1  and thus eligible for the presidency.") (citations omitted); *Ankeny v. Governor of Indiana*,

2  916 N.E.2d 678, 688 (Ind. Ct. App. 2009) (citing *Wong Kim Ark*, and holding that both

3  President Obama and Senator John McCain were "natural born citizens" because "persons

4  born within the borders of the United States are 'natural born [c]itizens' for Article II,

5  Section 1 purposes, regardless of the citizenship of their parents").   The number of

6  reported decisions pales when compared with the growing number of state courts and state

7  administrative bodies that have been forced to confront this well-settled question of law,

8  and in so doing have reached precisely the same result.[4]

9       As a result of the long-standing (and ever-expanding) body of law rejecting

10  Plaintiffs' legal theory, Plaintiffs' claims are frivolous because they are not supported by

11  existing law.  An inquiry by a reasonable attorney would have revealed as much, and as a

12  result, Mr. Irion's failure to conduct such an inquiry (or, alternatively, his choice to ignore

13  the results of that inquiry) warrants the imposition of Rule 11 sanctions.

14       **B.**   **Plaintiffs Name a Sham Organization as a Defendant.**

15       Aside from the underlying substantive frivolity of Plaintiffs' claims, perhaps the

16  most troubling example of Mr. Irion's sanctionable conduct is his decision to name the

17  "National Democratic Party of the USA, Inc." as a defendant in this case, and to seek the

---

18  [4]    *See, e.g., Allen v. Ariz. Democratic Party*, No. C20121317 (Ariz. Pima Cnty. Super. Ct. Mar. 7, 2012) (dismissing case challenging Obama's eligibility to be on the

19  2012 ballot; finding that Obama is a "natural born citizen" under *Wong Kim Ark*; and expressly rejecting argument that *Minor v. Happersett* holds otherwise), *appeal filed*

20  (Ariz. Ct. App. Mar. 8, 2012); *Farrar v. Obama*, No. OSAH-SECSTATE-CE-1215136-60-MALIHI (Ga. Office of St. Admin. Hrg. Feb. 3, 2012) (rejecting challenge to Obama's

21  eligibility to appear on 2012 ballot; finding that Obama was born in U.S. and is a "natural born citizen"), decision adopted by Ga. Sec'y State (Feb. 7, 2012), *appeal dismissed*,

22  *Farrar v. Obama*, No. 2012CV211398 (Ga. Fulton Cnty. Super. Ct. Mar. 2, 2012), *recons. denied* (Mar. 14, 2012); *Jackson v. Obama*, 12 SOEB GP 104 (Ill. Bd. of Elections

23  Hearing Officer Recommendation Jan. 27, 2012) (Obama's birth certificate "clearly establishes" his eligibility for office as a "Natural Born Citizen"), *objection overruled*

24  (Ill. State Bd. of Elections Feb. 3, 2012).  A complete list of cases brought by "birthers" – complete with links to many of the dispositions – is available at

25  http://tesibria.typepad.com/whats_your_evidence/BIRTHER%20CASE%20LIST.pdf.

26       In particular, the DNC and Congresswoman Wasserman Schultz direct the Court's attention to *Farrar*, in which Mr. Irion served as counsel for one of the unsuccessful

27  challengers.  As a result, he cannot in good faith claim that he was unaware of the fact that the legal theory he advances here has been rejected in any number of previous decisions.

28

NO. 2:11-CV-02089

1   entry of default against that entity.   A reasonable inquiry by Mr. Irion would have
2   revealed that the "National Democratic Party of the USA, Inc." is *not* affiliated with the
3   DNC or the Democratic Party in any way, and that it is a sham organization that may be
4   affiliated with the Shelby County (Tennessee) Republican Party.  *See* Tenn. Secretary of
5   State, Business Entity Detail, National Democratic Party of the USA, Inc.,
6   http://tnbear.tn.gov/ECommerce/FilingDetail.aspx?CN=091244127202157024172089179
7   042105022040227133146 (last visited Apr. 10, 2012) (stating that the "Shelby County
8   Republican Party, Inc." is an assumed named of the National Democratic Party of the
9   USA, Inc.).

10          Mr. Irion's litigation strategy – both here and in the Tennessee action – apparently
11   involves naming this sham organization as a defendant and attempting to obtain a default
12   judgment against it either for public relations purposes or as leverage against the
13   remaining defendants.   The conclusion that he does so knowingly is supported by the
14   manner in which the Plaintiffs effectuated service in this case, purporting to serve *only* the
15   "National Democratic Party of the USA, Inc." until the Court intervened.  [*See* Doc. No.
16   16]   The Court should not tolerate such an abuse of the judicial process, and should
17   therefore impose sanctions on Mr. Irion to deter him from utilizing this deceptive strategy
18   in the future.

19                                                   **Conclusion**

20          This case is the latest in a long list of spurious attempts by the "birther movement"
21   to use the courts as a tool in its campaign to force President Obama and those who support
22   him to needlessly respond to frivolous challenges to his well-established status as a
23   "natural born citizen" of the United States.  This continuous stream of litigation must be
24   stopped.  The claims advanced by Plaintiffs in this case are unsupported by existing law
25   and were made without reasonable inquiries into any number of substantive and
26   procedural matters.   As a result, the DNC and Congresswoman Wasserman Schultz
27   respectfully request that the Court sanction Mr. Irion by ordering him to pay their
28   reasonable attorneys' fees and costs incurred in defending this action, including the cost of

1  preparing this motion, in addition to whatever additional sanctions the Court finds just and

2  reasonable under the circumstances.

3

4  Dated: April __, 2012                    PERKINS COIE LLP

5                                           By: _____

6                                           Paul F. Eckstein, Bar No. 001822
                                            PEckstein@perkinscoie.com
7                                           D. Andrew Gaona, Bar No. 028414
                                            AGaona@perkinscoie.com
8                                           2901 N. Central Avenue, Suite 2000
                                            Phoenix, AZ 85012-2788
9                                           Telephone: 602.351.8000
                                            Facsimile: 602.648.7000

10
                                            Attorneys for Defendants
11                                          Democratic National Committee and
                                            Debbie Wasserman Schultz
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on April __, 2012, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System.

I hereby certify that on April __, 2012, the following were served by the U.S. District Clerk's electronic system:

Mr. Van Irion (van@libertylegalfoundation.com)

s/ ~~DRAFT~~

63920-0001.0010/LEGAL23398603.1

-10-

NO. 2:11-CV-02089

# EXHIBIT B

**Wendt, Clair (Perkins Coie)**

| | |
|---|---|
| **From:** | Van Irion [van@libertylegalfoundation.org] |
| **Sent:** | Monday, May 07, 2012 9:52 AM |
| **To:** | Eckstein, Paul (Perkins Coie) |
| **Cc:** | Wendt, Clair (Perkins Coie); dawn@libertylegalfoundation.org |
| **Subject:** | RE: Liberty Legal Foundation v. DNC |

Mr. Eckstein,

Regarding your "Draft Motion for Sanctions," you are hereby notified of the following facts:

Prior to filing Liberty Legal Foundation's (LLF) complaint I spoke to a staffer at the Tennessee Secretary of State's Office regarding standard operating procedures for Presidential elections. That staffer informed me that the National Democratic Party always sends a notice to all Secretaries of State certifying the name of the Party's candidate. That staffer also informed me that without such certification from the national Party organization, the SOS would not put the Party's candidate's name on the state ballot.

I then performed a search for "Democratic Party" and "National Democratic Party" using the Tennessee Secretary of State's internet search page. Since all entities doing business within or with the State of Tennessee are required to register with the State I assumed that any National Democratic Party organization would have registered. The National Democratic Party of the USA Inc., (NDPUSA) was the only entity that the SOS identified.

I have no knowledge regarding why the NDPUSA was formed, nor do I have any relationship with any of its organizers. To the best of my knowledge neither Liberty Legal Foundation nor any party to this case have any personal knowledge regarding the formation or operation of the NDPUSA. To date I still have no way of knowing who formed the NDPUSA, why it was formed, or whether it is associated with either the Democratic or Republican parties.

We were surprised when our attempts to serve the NDPUSA via certified mail were returned as undeliverable. Our attempt to obtain a default judgment was simply intended to eliminate any possibility of anyone associated with that organization acting despite a judgment against the other defendants, and alternatively to force anyone associated with that organization to make an appearance in the case.

Your speculation about LLF's motives regarding our service of process and motion for default are false.

Van Irion
Co-Founder, Lead Counsel
LIBERTY LEGAL FOUNDATION
9040 Executive Park Drive, Suite 200
Knoxville, TN 37923
Phone/Fax: 423-208-9953
www.libertylegalfoundation.net



**From:** Wendt, Clair (Perkins Coie) [mailto:CWendt@perkinscoie.com]
**Sent:** Monday, April 16, 2012 8:34 PM
**To:** 'van@libertylegalfoundation.com'
**Cc:** Eckstein, Paul (Perkins Coie)
**Subject:** Liberty Legal Foundation v. DNC

Dear Mr. Irion,

Attached please find Mr. Eckstein's letter and enclosure.  I have mailed the original to you today as well.

Thank you.


**Clair H. Wendt | Perkins Coie LLP**
LEGAL SECRETARY TO PAUL F. ECKSTEIN
2901 N. Central Avenue
Suite 2000
Phoenix, AZ 85012-2788
PHONE: 602.351.8163
FAX: 602.648.7122
E-MAIL: CWendt@perkinscoie.com

 **Please consider the environment before printing this email. Thank you.**

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department and IRS regulations, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including any attachments) is not intended or written by Perkins Coie LLP to be used, and cannot be used by the taxpayer, for the purpose of (i) avoiding penalties that may be imposed on the taxpayer under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or any attachments).

* * * * * * * * *

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

# EXHIBIT C

**Gaona, D. Andrew  (Perkins Coie)**

| | |
|---|---|
| **From:** | Eckstein, Paul (Perkins Coie) |
| **Sent:** | Monday, May 07, 2012 4:45 PM |
| **To:** | van@libertylegalfoundation.org |
| **Cc:** | Wendt, Clair (Perkins Coie); dawn@libertylegalfoundation.org; Gaona, D. Andrew  (Perkins Coie) |
| **Subject:** | RE: Liberty Legal Foundation v. DNC |

Mr. Irion---I assume from your email below that you are NOT withdrawing your Second Amended Complaint in *Liberty Legal Foundation  et al v. National Democratic Party of the USA et al* (Action No. 2:11-cv-02089 in the United States District Court of the District of Arizona).  If I am wrong in my assumption, please let me know by email by 5 PM Phoenix time on Tuesday, May 8, 2012.

Paul F. Eckstein
Perkins Coie LLP
2901 North Central Avenue, Suite 2000
Phoenix, Arizona  85012
T (602) 351-8222
F (602) 648-7122
mailto:peckstein@perkinscoie.com
*************************************

IMPORTANT TAX INFORMATION: This communication is not intended or written by Perkins Coie LLP to be used, and cannot be used by the taxpayer, for the purpose of avoiding penalties that may be imposed on the taxpayer under the Internal Revenue Code of 1986, as amended.

**From:** Van Irion [mailto:van@libertylegalfoundation.org]
**Sent:** Monday, May 07, 2012 9:52 AM
**To:** Eckstein, Paul (Perkins Coie)
**Cc:** Wendt, Clair (Perkins Coie); dawn@libertylegalfoundation.org
**Subject:** RE: Liberty Legal Foundation v. DNC

Mr. Eckstein,

Regarding your "Draft Motion for Sanctions," you are hereby notified of the following facts:

Prior to filing Liberty Legal Foundation's (LLF) complaint I spoke to a staffer at the Tennessee Secretary of State's Office regarding standard operating procedures for Presidential elections. That staffer informed me that the National Democratic Party always sends a notice to all Secretaries of State certifying the name of the Party's candidate. That staffer also informed me that without such certification from the national Party organization, the SOS would not put the Party's candidate's name on the state ballot.

I then performed a search for "Democratic Party" and "National Democratic Party" using the Tennessee Secretary of State's internet search page. Since all entities doing business within or with the State of Tennessee are required to register with the State I assumed that any National Democratic Party organization would have registered. The National Democratic Party of the USA Inc., (NDPUSA) was the only entity that the SOS identified.

I have no knowledge regarding why the NDPUSA was formed, nor do I have any relationship with any of its organizers. To the best of my knowledge neither Liberty Legal Foundation nor any party to this case have any personal knowledge regarding the formation or operation of the NDPUSA. To date I still have no way of

1

knowing who formed the NDPUSA, why it was formed, or whether it is associated with either the Democratic or Republican parties.

We were surprised when our attempts to serve the NDPUSA via certified mail were returned as undeliverable. Our attempt to obtain a default judgment was simply intended to eliminate any possibility of anyone associated with that organization acting despite a judgment against the other defendants, and alternatively to force anyone associated with that organization to make an appearance in the case.

Your speculation about LLF's motives regarding our service of process and motion for default are false.

Van Irion
Co-Founder, Lead Counsel
LIBERTY LEGAL FOUNDATION
9040 Executive Park Drive, Suite 200
Knoxville, TN 37923
Phone/Fax: 423-208-9953
www.libertylegalfoundation.net



**From:** Wendt, Clair (Perkins Coie) [mailto:CWendt@perkinscoie.com]
**Sent:** Monday, April 16, 2012 8:34 PM
**To:** 'van@libertylegalfoundation.com'
**Cc:** Eckstein, Paul (Perkins Coie)
**Subject:** Liberty Legal Foundation v. DNC

Dear Mr. Irion,

Attached please find Mr. Eckstein's letter and enclosure. I have mailed the original to you today as well.

Thank you.

**Clair H. Wendt | Perkins Coie** LLP
LEGAL SECRETARY TO PAUL F. ECKSTEIN
2901 N. Central Avenue
Suite 2000
Phoenix, AZ 85012-2788
PHONE: 602.351.8163
FAX: 602.648.7122
E-MAIL: CWendt@perkinscoie.com

 Please consider the environment before printing this email. Thank you.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department and IRS regulations, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including any attachments) is not intended or written by Perkins Coie LLP to be used, and cannot be used by the taxpayer, for the purpose of (i) avoiding penalties that may be imposed on the taxpayer under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or any attachments).

* * * * * * * * * *

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.