Paul F. Eckstein, Bar No. 001822
PEckstein@perkinscoie.com
D. Andrew Gaona, Bar No. 028414
AGaona@perkinscoie.com
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
Telephone: 602.351.8000
Facsimile: 602.648.7000
docketPHX@perkinscoie.com

Attorneys for Defendants Democratic National Committee and Debbie Wasserman Schultz

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Liberty Legal Foundation; John Dummett; Leonard Volodarsky; Greg Maroney,<br><br>Plaintiffs,<br><br>v.<br><br>National Democratic Party of the USA, Inc.; Democratic National Committee; and Debbie Wasserman Schultz,<br><br>Defendants. | No. 2:11-cv-02089<br><br>**REPLY IN SUPPORT OF MOTION FOR SANCTIONS**<br><br>(Oral Argument Requested)<br><br>(Assigned to the Hon. Susan Bolton) |

Defendants Democratic National Committee and Debbie Wasserman Schultz (the "DNC Defendants") hereby reply in support of their Motion for Sanctions (the "Motion") [Doc. No. 28] against Van Irion, counsel for Plaintiffs in this matter. The DNC Defendants will not engage in a point-by-point refutation and analysis of Mr. Irion's Opposition to the Motion (the "Response"), but wish to briefly address several of its contentions.

**A.    Plaintiffs' Claims Lack Legal Support.**

As set forth in the Motion and the DNC Defendants' Motion to Dismiss [Doc No. 24] and reply thereto [Doc. No. 27], the legal theory that colors the Second Amended Complaint (the "SAC") has been tried and rejected in an ever-expanding host of decisions by federal and state courts and state administrative bodies. Those decisions have

***unanimously concluded*** that President Obama is indeed a "natural born citizen" of the United States who is qualified to hold his office and to stand before the American people for re-election. Mr. Irion knows this, and knows it well; indeed, he was counsel of record in at least one of the state administrative proceedings that reached this precise result. [Doc. No. 28 at 8 n.4]

Despite his knowledge of the overwhelming weight of this authority, Mr. Irion – both before this Court and the district court in Tennessee – nonetheless continues to cling to a reading of *Minor v. Happersett*, 88 U.S. 162 (1875) that is as tortured as it is misleading. [Doc. No. 31 at 14-19] In his Response, Mr. Irion mischaracterizes the "holding" of *Minor* for at least the third time to this Court, each as egregious as the next. Despite Mr. Irion's claims that his interpretation of *Minor* is based on his reading of "law review articles, other articles written by legal scholars, historical accounts, and subsequent precedent related to Article II eligibility" (none of which he specifically identifies), that case ***does not hold*** that "natural born citizenship" is restricted to those born to citizen-parents. To the contrary, the Court expressly reserved judgment on that question:

> At common-law, with the nomenclature of which the framers of the Constitution were familiar, it was never doubted that all children born in a country of parents who were its citizens became themselves, upon their birth, citizens also. These were natives, or natural-born citizens, as distinguished from aliens or foreigners. Some authorities go further and include as citizens children born within the jurisdiction without reference to the citizenship of their parents. As to this class there have been doubts, but never as to the first. ***For the purposes of this case it is not necessary to solve these doubts.***

See *Minor*, 88 U.S. 162 at 167-68 (emphasis added).

This reserved question was in effect decided just 23 years later, when the Supreme Court explained that "[e]very person born in the United States, and subject to the jurisdiction thereof, becomes at once a citizen of the United States." *United States v. Wong Kim Ark*, 169 U.S. 649, 702 (1898). Indeed, in the Supreme Court's discussion of the English common law – which was the law in force in English colonies "and in the United States afterwards" – it noted specifically that "every child born in England of alien

parents was a **natural-born subject** unless the child of an ambassador or other diplomatic agent of a foreign state, or of an enemy alien in hostile occupation of the place where the child was born." *Id.* at 658 (emphasis added). As the Indiana Court of Appeals explained in its thorough examination of the meaning of the "natural born citizen" requirement of Article II of the United States Constitution:

> Based upon the language of Article II, Section 1, Clause 4 and the guidance provided by *Wong Kim Ark*, we conclude that persons born within the borders of the United States are "natural born Citizens" for Article II, Section 1 purposes, regardless of the citizenship of their parents. Just as a person "born within the British dominions [was] a natural-born British subject" at the time of the framing of the U.S. Constitution, so too were those "born in the allegiance of the United States [ ] natural-born citizens."

*Ankeny v. Governor of the State of Indiana*, 916 N.E.2d 678, 688 (Ind. Ct. App. 2008)

Try as he might, Mr. Irion simply cannot muddy the jurisprudential waters enough to justify his claims that *Minor* is dispositive of the claims he advances on Plaintiffs' behalf, that *Wong Kim Ark* is inapposite, and that the growing list of decisions standing squarely against his position are all wrong. A reasonable attorney would not make such an attempt, and as a result, sanctions against Mr. Irion are warranted.

**B.   Mr. Irion's Inquiry into the NDPUSA was not Reasonable.**

Claiming ignorance, Mr. Irion contends that his decision to name the National Democratic Party of the USA, Inc. (the "NDPUSA") as a defendant in this matter was based on a reasonable inquiry. Specifically, Mr. Irion argues that he does not know "who or what the NDPUSA is, or why it was formed, or what it does," and that he "certainly cannot be expected to have answered this question definitively before filing the instant lawsuit." [Doc. No. 31 at 5-6]

But that is precisely what a reasonable attorney must do prior to filing a lawsuit. Despite Mr. Irion's protestations to the contrary, a reasonable inquiry into the proper party to name in an action filed in the District of *Arizona* against a national political organization must require more than a conversation with an unidentified staffer in the *Tennessee* Secretary of State's Office and a search of that Office's online database for

"National Democratic Party" and "Democratic." [*Id.* at 3] This is especially true when the records searched revealed that the NDPUSA has a number of assumed names, including the "Shelby County Republican Party, Inc." [*See* Doc. No. 31, Ex. 3] Such a discovery would lead **any reasonable attorney** to question the propriety of naming that party as a defendant in a lawsuit of this nature, as it is inconceivable that a national organization affiliated with the Democratic Party would assume the name of a county-level political organization with political beliefs diametrically opposed to its own. In short, the Court should not tolerate Mr. Irion's admitted strategy of "sue now and ask questions later" [Doc No. 31 at 5-6] or his transparent *post hoc* justification for seeking a default judgment against an entity he should have never brought suit against in the first place [*id.* at 6 n.2].

Perhaps even more telling of the fact that Mr. Irion's conduct is sanctionable is his failure to immediately dismiss the NDPUSA as a defendant in this case after he was informed – via a Rule 11 letter sent by counsel for the DNC Defendants in the parallel Tennessee proceedings – that the NDPUSA "has never been an authorized organization to do official Democratic Party business before any state or federal agency." [Exhibit D] Despite this warning in early March, and a subsequent warning in April from counsel in the instant case [Doc. No. 28, Ex. A], Mr. Irion nonetheless continued to prosecute his claims against an entity that he knew to have **no connection whatsoever** to the DNC or the Democratic Party. Even if Mr. Irion's "ignorance" somehow justified his naming of the NDPUSA, he has no excuse for his failure to dismiss that party after learning this information. In either case, sanctions against Mr. Irion are warranted.

### Conclusion

Based on the Motion and the foregoing, the DNC Defendants respectfully request that Court grant their Motion for Sanctions, and order that Mr. Irion pay all of their reasonable attorneys' fees and expenses incurred in seeking the dismissal of this frivolous lawsuit, including the cost of preparing the Motion and this Reply, in addition to whatever additional sanctions the Court finds just and reasonable under the circumstances.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: June 4, 2012 | **PERKINS COIE** LLP |
| 3 | | |
| 4 | | By: *s/ Paul F. Eckstein* |
| | | Paul F. Eckstein, Bar No. 001822 |
| 5 | | *PEckstein@perkinscoie.com* |
| | | D. Andrew Gaona, Bar No. 028414 |
| 6 | | *AGaona@perkinscoie.com* |
| | | 2901 N. Central Avenue, Suite 2000 |
| 7 | | Phoenix, AZ 85012-2788 |
| | | Telephone: 602.351.8000 |
| 8 | | Facsimile: 602.648.7000 |
| 9 | | Attorneys for Defendants |
| | | Democratic National Committee and |
| 10 | | Debbie Wasserman Schultz |

# CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2012, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System.

I hereby certify that on June 4, 2012, the following were served by the U.S. District Clerk's electronic system:

Mr. Van Irion (van@libertylegalfoundation.com)

I hereby certify that on June 4, 2012, I served the attached document by hand delivery on Judge Susan Bolton, United States District Court of Arizona, 401 West Washington Street, Phoenix, Arizona 85003-2118.

*s/ Clair H. Wendt*

63920-0001.0010/LEGAL23789123.1