## INDEX OF EXHIBITS TO REPLY IN SUPPORT OF MOTION FOR SANCTIONS

| Exhibit D | Rule 11 Letter from J. Gerard Stranch, IV to Van Irion (March 1, 2012) |

# EXHIBIT D

BRANSTETTER, STRANCH & JENNINGS, PLLC

ATTORNEYS AT LAW
227 SECOND AVENUE NORTH
FOURTH FLOOR
NASHVILLE, TENNESSEE 37201-1631
TELEPHONE (615) 254-8801 ~ FACSIMILE (615) 250-3937

CECIL D. BRANSTETTER, SR.
C. DEWEY BRANSTETTER, JR.
RANDALL C. FERGUSON
R. JAN JENNINGS*
JOE P. LENISKI, JR.
DONALD L. SCHOLES
STEVEN J. SIMERLEIN **
MIKE STEWART
JAMES G. STRANCH, III
J. GERARD STRANCH, IV
MICHAEL J. WALL

ASSOCIATES:
BEN GASTEL*
STACEY K. SKILLMAN ***

OF COUNSEL:
ROBERT E. RICHARDSON, JR. ****

\*      ALSO ADMITTED IN GA
\*\*     ALSO ADMITTED IN CA
\*\*\*    ALSO ADMITTED IN KY
\*\*\*\*   ONLY ADMITTED IN OH

March 1, 2012

**_VIA U.S. MAIL_**

Van Irion
Liberty Legal Foundation
9040 Executive Park Dr., Ste. 200
Knoxville, TN 37923

In re: **NOTICE OF INTENT TO SEEK RULE 11 SANCTIONS**
*Liberty Legal Foundation, et al., v. National Democratic Party of the USA, Inc., et al.*, Case No. 2:12-cv-02143 On Removal From Case No. CH-11-1757-3

Dear Van:

This letter is sent pursuant to Rule 11 of the Federal Rules of Civil Procedure and Tennessee Rules of Civil Procedure.[1] This letter is being sent on behalf of the Tennessee Democratic Party (the "TNDP") – which you have failed to serve in the above referenced lawsuit.

On January 20, 2012 you filed a First Amended Class Action Complaint for Declaratory and Injunctive Relief (the "Amended Complaint"), a Motion for Preliminary Injunction along with a related brief in support thereof (collectively the "Injunction Motion"), and a Motion for Default Judgment along with a related brief in support thereof (collectively the "Default Motion"). For the reasons identified, you clearly filed these papers in violation of Rule 11 in that these papers are either: 1) offered for an improper purpose; 2) the legal claims are not warranted under existing law and are frivolous; and/or 3) the allegations are not likely to find evidentiary support.

Given the numerous times the claims asserted in the Amended Complaint have been litigated throughout the country over the last several years, your Amended Complaint and related Injunction Motion are meritless and have no basis in law or fact. As a result, and pursuant to the

---

[1] Although you filed in state chancery court, the complaint obviously raises federal constitutional questions and accordingly we removed the case to federal court. Therefore, you should consider this either as a request under Rule 11 of the Federal Rules or the state rules, depending on which court ultimately will hear the merits of your Amended Complaint and Injunction Motion.

245310



Van Irion
March 1, 2012
Page 2

TNDP's rights under both the Federal Rules of Civil Procedure and the Tennessee Rules of Civil Procedure, we demand that you immediately withdraw your Amended Complaint and Injunction Motion. Additionally, as described further in this letter, your Default Motion is groundless and simply unsupported by facts and law and should be withdrawn immediately. Otherwise, we will proceed with obtaining Rule 11 sanctions.

Below is a list of the numerous frivolous issues and sanctionable conduct contained within the papers you filed with the Court – for a more detailed review of the deficiencies both factual and legal, see also the three separate motions filed today in the Western District of Tennessee:

1. <u>Improperly Named Defendant</u>: As you should have determined from a reasonable investigation, the National Democratic Party of the USA, Inc. ("NDC USA, Inc.") is not a party in interest to this lawsuit because this entity has never been associated with the TNDP. The NDC USA, Inc. is apparently a mere sham organization, possibly organized by the Shelby County Republican Party, in order to use, without authorization and in bad faith, the name "National Democratic Party" for nefarious purposes like this lawsuit. As you should have learned through an investigation of the available public records held and posted on the Tennessee Secretary of State's website, other active names for the NDC USA, Inc. include the "Shelby County Republican Party, Inc." A reasonable person would have taken this to mean that the NDC USA, Inc. had no relationship with the TNDP or the National Democratic Party. Moreover, the Tennessee Secretary of State's website shows that the NDC USA, Inc.'s principal place of business is in Memphis and you are obviously aware that the TNDP is based in Nashville. Additionally, if you had conducted a reasonable investigation, you would have learned that the NDC USA, Inc. does not communicate with the Tennessee Secretary of State's Division of Elections for purposes of submitting names for inclusion on the state's election ballots. That function is the sole purpose of the TNDP. Taken together, these facts should have tipped off a reasonable person that the NDC USA, Inc. is not a proper party to this lawsuit. We believe you named this as a party defendant for the sole purpose of obtaining venue in Memphis. This organization has never been an authorized organization to do official Democratic Party business before any state or federal agency, and you should have been aware of that based on a reasonable investigation. We demand that you immediately dismiss this party from this action and move this case to a correct venue in Davidson County.

   Relatedly, since you knew or should have been aware that the NDC USA, Inc. did not represent either the national party or the state party, it seems that you also named them as a defendant to obtain a default judgment against them in order to leverage that against the remaining Democratic Party Defendants. It appears that this is not the first time that you have attempted this maneuver and that a show cause order has been issued against you for this conduct in Arizona. This is further supported by the manner in which you effectuated service in this case. Upon filing the original complaint, you served only the NDC USA, Inc. entity and

245310

Van Irion
March 1, 2012
Page 3

    failed to serve Chip Forrester or Debbie Wasserman Schultz. Once the time had passed for filing NDC USA, Inc.'s answer, you then amended your complaint to add the only real party in interest, the TNDP. This is abuse of the judicial process at its worst, especially if it is eventually shown that you or someone you are familiar with are responsible for creating and operating the NDC USA, Inc. Accordingly, you should immediately withdraw your Default Motion as it is not supported by law or facts, and will not serve to further this litigation in any way.

    Finally, since you should have determined from a reasonable investigation that the TNDP is a separate entity from the Democratic National Committee, and that the TNDP – per state law – is solely responsible for submitting names for inclusion on the state's ballot, you should have known that the Democratic National Committee and its current Chairperson, Debbie Wasserman Schultz and Chip Forrester, are not proper parties to this lawsuit. It appears you have named them for the sole purpose of harassing and intimidating these parties. This is obviously an abuse of the judicial process and clear sanctionable conduct. Accordingly, we demand that you dismiss them from this case.

2. **Lack of Standing**: This is not the first time that litigants have attempted to challenge whether the President Obama is constitutionally qualified to hold the office of President of the United States. Virtually every one of these cases have been dismissed for lack of standing. *See e.g., Drake v. Obama*, 2011 U.S. App. LEXIS 25763 (9th Cir., December 22, 2011); *Kerchner v. Obama*, 612 F.3d 204 (3d. Cir. 2010); *Berg v. Obama*, 586 F.3d 234, 239 (3d Cir. 2009); *Taitz v. Obama*, 707 F. Supp. 2d 1 (D.D.C. 2010); *Wrotnowski v. Bysiewicz*, 289 Conn. 522 (Sup. Ct. Conn. 2008). This is obviously only a sampling of the cases addressing the issue. If you had conducted a reasonable investigation, you undoubtedly were aware of this case law against the standing of your organization and the named plaintiffs, and your suit fails to cure any of these previously-identified standing defects. Accordingly, we demand that you withdraw your Amended Complaint and Injunction Motion immediately.

3. **Lack of Legal Support**: Your Amended Complaint incorrectly alleges that the TNDP have an obligation to believe unfounded theories and that pursuant to this non-existent duty that you have the right to stop the TNDP, and specifically the TNDP, from submitting documents to the Tennessee Secretary of State Division of Elections. You cite to no law, either at the federal or state level, that would give you the right to challenge this conduct or that imposes upon the TNDP such a duty. Accordingly, your Amended Complaint is not based on a valid legal theory and is frivolous. We demand that you withdraw your Amended Complaint and Injunction Motion immediately.

    Additionally, the basis of your lawsuit is obviously the truth of the unsupported theory that President Obama is not a natural born citizen. People have been peddling this theory for over four years but no court, rightfully so, has bought it. These are frivolous challenges and fortunately have been repeatedly dismissed

245310

Van Irion
March 1, 2012
Page 4

and in some cases sanctioned. *See e.g., Kerchner*, 612 F.3d 204 (sanctioning attempts to challenge President Obama's eligibility to hold the Office of the President.); *Rhodes v. Macdonald*, 2009 U.S. Dist. LEXIS 85485 (M.D. Ga. 2009) (same); *see also See Ankeny v. Governor*, 916 N.E.2d 678, 684-89 (Ind. Ct. App. 2008) (finding that President Obama is a natural born citizen qualified to hold the office of President of the United States); *Farrar, et. al. v. Obama*, Dkt. No. 1215136-60 (Ga. Secretary of State, 2012) (same). Given this precedent, and the fact that these suits have been unsuccessful in every venue where they have been filed, and the fact that your Amended Complaint involves the same allegations of these cases, we demand that you withdraw your Amended Complaint and the Injunction Motion immediately.

Moreover, your suit must fail because it challenges the internal workings of a state political party. As you should be aware from a reasonable investigation of the relevant case law, the TNDP has a "First Amendment right to choose its own candidate for the general election." *Kurita v. State Primary Bd. of the Tenn. Democratic Party*, Case No. 3:08-0948, 2008 U.S. Dist. LEXIS 83278 citing *California Democratic Party v. Jones*, 530 U.S. 567, 575, 120 S. Ct. 2402, 147 L. Ed. 2d 502 (2000). Accordingly, you should know that your suit cannot be successful as it would constitute an unconstitutional intrusion into the TNDP's rights under the United States Constitution, and we demand that you withdraw your Amended Complaint and the Injunction Motion immediately.

Finally, as you should have discovered through a reasonable search, you cannot challenge the qualifications of a candidate for President of the United States until after that candidate is elected and the Electoral College vote is certified by the United States Congress. Whether a candidate is qualified to hold the office of President of the United States is committed in the first instance to the electorate and then to the United States Congress, which under federal law is charged with certifying the results of the Electoral College vote. "Judicial review -- if any -- should occur only after the electoral and Congressional processes have run their course." *Robinson v. Bowen*, 567 F. Supp. 2d 1144, 1147 (N.D. Cal. 2009) citing *Texas v. United States*, 523 U.S. 296, 300-02, 118 S. Ct. 1257, 140 L. Ed. 2d 406 (1998). Since your suit attempts to short-circuit this process, it cannot be successful, and we demand that you withdraw your Amended Complaint immediately.

4. <u>Your Position Is Contrary to United States Supreme Court Precedent</u>: You allege that President Obama is not constitutionally qualified to hold the office of President of the United States because his father was not a United States citizen. (Amended Complaint ¶ 9-12.) As you should be aware from a reasonable search of relevant case law, this position is unsupported by United States Supreme Court precedent. In fact, one case alleging almost identical allegations as your suit, summarized this precedent and concluded that President Obama met the constitutional qualifications to hold the office of President of the United States. *See Ankeny v. Governor*, 916 N.E.2d 678 (Ind. Ct. App. 2009); *see also Farrar et.*

245310

Van Irion
March 1, 2012
Page 5

*al. v. Obama*, Dkt. No. 1215136-60 (Ga. Sec. of State) (Feb. 3, 2012). Specifically, and as outlined in *Ankeny*, the Court held that *United States v. Wong Kim Ark*, 168 U.S. 649 (1898) did not require that a natural born citizen had to be born in the United States and have both parents be citizens of the United States. You cite *Wong Kim Ark* in your complaint (para. 13) but clearly you have misread the central holding of this case. Accordingly, given that your position finds no support in relevant case law, you should withdraw your Amended Complaint immediately.

Based on the foregoing, we demand that you withdraw your Amended Complaint, the Injunction Motion, and the Default Motion immediately. If you fail to do so, we plan to seek sanctions for your filing frivolous claims in clear violation of your duties imposed under Rule 11.

Sincerely,

J. Gerard Stranch, IV  w/ permission by
*Counsel for the TNDP*

JGSiv:sb

245310