Van R. Irion, (TN Bar No.024519)
**Liberty Legal Foundation**
9040 Executive Park Drive, Ste. 200
Attorney for Plaintiffs
(423) 208-9953
van@libertylegalfoundation.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Liberty Legal Foundation;
John Dummett;
Leonard Volodarsky;
Creg Maroney,

    Plaintiffs

CASE NO: 2:11-cv-02089-SRB

Judge: Bolton

National Democratic Party of the
USA, Inc.;
Democratic National Committee;
Debbie Wasserman-Schultz,

    Defendants

## SUPPLEMENTAL RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS

Pursuant to this Court's Rules, Liberty Legal Foundation submits this Supplemental Response in Opposition and Memorandum in Opposition to Defendants' Motion for Sanctions.

### I. Defendants' Reply Asserts New Grounds for Sanctions

Defendants' Motion for Sanctions asserted that attorney Van Irion intentionally named a sham organization and attempted to keep this lawsuit a secret from the DNC in

order to obtain a default judgment without opposition from the DNC. Doc.28 at 1 and 8-9. Now that overwhelming evidence has been submitted proving beyond any doubt that Defendants' accusation is absurd, Defendants have changed their accusation.

Defendants' Reply now accuses attorney Irion of failing to perform an adequate pre-litigation investigation into the National Democratic Party of the USA Inc. Doc.34 at 3-4. Apparently Defendants now acknowledge that their very serious accusation against attorney Irion were not remotely supportable. Even if their new accusation was true, raising new grounds for sanctions in a reply brief violates basic due process and Rule 11's safe harbor provision.

Defendants' last-minute attempt to change the focus of this Court by raising new grounds also fails because the new grounds are false. Attorney Irion has already explained why he named the National Democratic Party of the USA. Doc. 31, Opp. Mtn. Sanct., at 3-7. He also explained why the current litigation is associated with Arizona. *Id*. Most importantly, he explained the fact that the Defendants intentionally withheld information from this Court regarding the five assumed names of the National Democratic Party of the USA. *Id*. at 5-7.

Now that the Defendants have changed their accusation to claim that attorney Irion failed to perform a reasonable inquiry, Liberty Legal Foundation discloses that the charter for the National Democratic Party of the USA states as its purpose "To raise funds, Nominate and Elect Democrats in all 50 states in the United States." Ex.1. Further, Liberty Legal Foundation's investigators have discovered that the apparent organizer of the National Democratic Party of the USA was a registered Democrat voter in 2010.

Finally, even if the Defendants' new grounds for sanctions were true, inadvertently naming an incorrect party does nothing to harm the DNC. By changing its accusation the DNC essentially admits that it cannot support its initial accusation that attorney Irion was trying to obtain a default judgment without the DNC opposing. So, the worst possible action attorney Irion can be accused of is failing to perform an adequate pre-litigation investigation. However, even if this was true, the DNC is not harmed by attorney Irion naming a party that, according to the DNC, has no affiliation with the DNC. Even if this latest accusation were true, the only party that would have been harmed would have been the National Democratic Party of the USA.

Because the DNC's initial accusation is unsupportable, and because its new accusation violates Rule 11's safe harbor provision, the Defendants' motion for sanctions must be **DENIED**.

## II.    Defendants Repeat Misrepresentation of Law

Defendants' Reply repeats a misrepresentation of Law to this Court. Despite a clear distinction between the term "citizen" and "natural born citizen" made by the Supreme Court in *Minor v. Happersett*, and despite this distinction being pointed out by Plaintiffs' Opposition, the Defendants' insist upon repeating their assertion of law that completely ignores this distinction. Doc. 34 at 2; *discussing and quoting* 88 U.S. 162 (1875).

Disagreement with legal interpretation is not the same as misrepresentation to the Court. The Defendants have every right to disagree with the Plaintiffs on interpretation of

*Minor*, though the Defendants would have this Court sanction Mr. Irion for such disagreement. However, the Defendants' attorney has an ethical duty to acknowledge to this Court points of law that run contrary to his assertions of law. Because both the *Minor* Court and the Plaintiffs have explicitly pointed out that *Minor* makes a distinction between "citizens" and "natural born citizens," and both explain that the "doubts" referred to by the *Minor* Court were doubts regarding the term "citizen" and not regarding the term "natural born citizens," Defense attorney's insistence upon continuing to ignore this distinction is a violation of his ethical duty to this Court.

Defendants' attorney not only fails to acknowledge the distinction made by the *Minor* Court, he insists upon repeating his assertion of law to this Court; an assertion that fails to acknowledge the explanation of the *Minor* Court: "As to this class [citizens] there have been doubts, but never as to the first [natural born citizens]."

Defendants have not, and cannot point to a single binding precedent contrary to the holding from the *Minor* Court. Defendants' Reply citing and quoting dicta from *Wong Kim Ark* does not change the fact that the holding of *Wong Kim Ark* was limited to the meaning of the term citizen. The holding of *Wong Kim Ark* simply had nothing to do with Article II natural born citizens. Defendants' Reply cannot change the fact that dicta cannot overturn precedent. State court and administrative decisions, relying upon dicta, do not change U.S. Supreme Court precedent. A single Federal District Court decision from a different circuit, also relying upon dicta, cannot change U.S. Supreme Court precedent. Citation to numerous cases that were dismissed for lack of standing and never

reached the substance of the issue presented cannot change precedent on the issue presented.

Contrary to the Defendants' accusation that attorney Irion is attempting to "muddy the jurisprudential waters," it is Defense counsel that is attempting to obscure a simple legal question by glossing over the issue. It is Defense counsel that refuses to acknowledge that the *Minor* Court distinguished "citizen" from "natural born citizen." It is Defense counsel that repeated a misleading legal assertion to this Court by ignoring the *Minor* Court's distinction between "citizen" from "natural born citizen."

### III.   Conclusion

Far from being frivolous, the Plaintiffs claims should prevail. The instant case brings a legitimate question of law with plaintiffs that have standing on a significant Constitutional issue. It is therefore not a frivolous claim. Defendants' motion for sanctions must be **DENIED**.

Further, Pursuant to Federal Rule of Civil Procedure 11(c)(2) Plaintiffs again request that this Court order the Defendants pay Plaintiffs reasonable attorney's fees and costs incurred in responding to Defendants wholly unfounded motion.

Respectfully submitted on the 15th Day of Sivan, in the year of our Lord 2012 (a.k.a. June 5, 2012).

    _s/Van R. Irion_____
Van R. Irion
Liberty Legal Foundation,
9040 Executive Park Drive, Ste. 200
(423) 208-9953

CERTIFICATE OF SERVICE

It is hereby certified that on 15th Day of Sivan, Year of our Lord 2012 (a.k.a. June 5, 2012), a copy of "Supplemental Response in Opposition to Defendants' Motion for Sanctions" was filed electronically. Parties may access this filing through the Court's electronic filing system. A copy of this motion will also be served upon the Defendants via mail.

    _s/Van R. Irion_____
Van R. Irion
Liberty Legal Foundation
9040 Executive Park Drive, Ste. 200
Attorney for Plaintiffs
(423) 208-9953